Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, POUND, McLAUGH-LIN, CRANE and ANDREWS, JJ.   Dissenting: CARDOZO, J.

---

THE BOARD OF EDUCATION OF THE UNION FREE SCHOOL DISTRICT NO. 1 OF THE TOWN OF LIBERTY, Respondent, *v.* ANNA L. HOYT, Appellant.

*Eminent domain — condemnation proceedings — adequacy of award.*

*Board of Education, Union Free School District No. 1, Town of Liberty* v. *Hoyt,* 205 App. Div. 859, affirmed.

(Submitted October 24, 1923; decided November 20, 1923.)

APPEAL from a judgment, entered February 7, 1923, upon an order of the Appellate Division of the Supreme Court in the third judicial department, which affirmed an order of Special Term confirming an award in condemnation proceedings.   The sole question on appeal was the adequacy of the award.

*D. S. Hill* for appellant.

*Sidney F. Foster* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

CAROLINE A. BELL, Appellant, *v.* JANET LITTLE et al., Respondents.

*Dower — husband and wife — divorce in foreign state of resident of this state without personal service upon husband or his appearance in action — her marriage to another in said foreign state who had knowledge of facts, invalid in this state — not entitled to dower in estate of second husband.*

*Bell* v. *Little,* 204 App. Div. 235, affirmed.

(Argued October 26, 1923; decided November 20, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 10, 1923, modifying and affirming as modified a judgment in favor of defendants entered upon a dismissal of the complaint by the court at an Equity

Term. The action was brought to establish and admeasure plaintiff's alleged dower rights in real estate of which one James Bell died seized. The defense was that plaintiff was not the lawful wife of James Bell, she having another husband living. It appeared that plaintiff, a resident of this state, abandoned her husband and went to Pennsylvania for the sole purpose of obtaining a divorce. In her action brought for that purpose process was never served personally upon her husband nor did he appear in the action. Bell, a resident of this state, with knowledge of these facts went to Pennsylvania and married plaintiff after she procured her decree and they then returned to this state and lived together as husband and wife until the death of Bell. It was held that plaintiff had no dower interest in the estate.

*William MacFarlane* for appellant.
*James R. Creary* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

GUY W. KELSEY, Appellant, *v.* CAROLINE A. KELSEY, Respondent.

*Husband and wife — divorce — when husband not entitled to divorce on ground of adultery of wife where she marries and cohabits with another after obtaining foreign divorce which is invalid here.*

*Kelsey* v. *Kelsey*, 204 App. Div. 116, affirmed.

(Argued October 26, 1923; decided November 20, 1923.)

APPEAL from a judgment, entered January 4, 1923, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at an Equity Term and directing a dismissal of the complaint. The action was brought, husband against wife, to procure an absolute divorce on the ground that the wife after procuring a divorce in a foreign state had married another in that state and both