DAVID R. BROWN, Appellant, v. MILDRED H. BROWN, Respondent.— In an action brought by plaintiff for an annulment of his marriage to defendant, in which defendant counterclaimed for a separation, plaintiff appeals from a resettled judgment dismissing the complaint, granting a separation to defendant on her counterclaim, awarding custody of the issue of the marriage to defendant, and directing the payment by plaintiff of the sum of $35 a week as alimony for her support and maintenance and for the support and maintenance of the child of the parties, and directing plaintiff to pay certain charges on real property owned by them. Plaintiff sought annulment of the marriage on the ground that at the time of the marriage of the parties, which occurred in Pennsylvania, defendant was married to another man. Upon the trial defendant proved that prior to her marriage to plaintiff she had procured a divorce from her former husband in Mexico, but it appeared that the divorce decree so obtained was a "mail-order" decree and that although both parties to that proceeding had appeared by counsel and had purportedly submitted to the jurisdiction of the Mexican court neither had ever been in that country. The learned court at Special Term held that such a decree would be recognized as valid in the State of Pennsylvania and that the marriage of the present parties in that State was therefore valid. Resettled judgment appealed from modified on the law by striking therefrom the first and second ordering paragraphs and by substituting therefor: (1) A provision that judgment is awarded in favor of the plaintiff, annulling the marriage of the parties; (2) a provision dismissing defendant's counterclaim for a separation; (3) a provision that the marriage of the parties was contracted by both parties in good faith and with the full belief that the former marriage of the defendant had been dissolved (see Civ. Prac. Act, § 1135, subd. 6); (4) a provision that the judgment in favor of the plaintiff shall be interlocutory and for the entry of final judgment (Civ. Prac. Act, §§ 1175, 1176). In addition, the last ordering paragraph of said judgment appealed from is hereby struck out. As so modified, said judgment is unanimously affirmed, without costs. The findings of fact are affirmed. In our opinion, the law of the State of Pennsylvania governed the validity of the marriage contracted in that State. (Shea v. Shea, 294 N. Y. 909; Matter of May, 280 App. Div. 647.) However, it is our opinion that the Mexican "mail-order" divorce decree which purported to dissolve the marriage between defendant and her former husband was a nullity under the law of Pennsylvania as well as under the law of this State. (Smith v. Smith, 364 Pa. 1; Commonwealth ex rel. Achter v. Achter, 167 Pa. Super. Ct. 603; Commonwealth ex rel. Branch v. Branch, 170 Pa. Super. Ct. 45; see Caldwell v. Caldwell, 298 N. Y. 146; Querze v. Querze, 290 N. Y. 13.) While no Pennsylvania decision squarely in point has been called to the attention of this court, it appears from the Pennsylvania cases cited above that the courts of that State recognize the necessity for jurisdiction of the marital res in a court which purports to render a divorce decree. Defendant was therefore married to a living person when she purported to marry plaintiff, and that marriage is a nullity. Defendant, therefore, is not entitled to the judgment of separation awarded to her at Special Term. (Landsman v. Landsman, 302 N. Y. 45; Fischer v. Fischer, 254 N. Y. 463.) Under the circumstances of this case, it is our opinion that the provisions for alimony in the judgment appealed from are proper and should not be disturbed. (See Civ. Prac. Act, § 1140-a.) Present — Nolan, P. J., Carswell, Adel, MacCrate and Beldock, JJ. Settle order on notice.