In the Matter of the Probate of the Will of PORFILIO CAETI, Deceased.

Surrogate's Court, Bronx County, March 1, 1955.

*Irving M. Maron* and *David D. Wach* for Victor Caeti, proponent.

*Alfred L. Krasner* for Pauline Caeti, objectant.

*William R. Ferris*, special guardian for Anna Caeti, an incompetent.

McGRATH, S. The preliminary issue presented in this probate proceeding is the objectant's status as the widow of the decedent.

To establish her status, Pauline Caeti, the objectant, proved that a religious marriage ceremony was performed between her and the decedent on June 12, 1948, in the State of Connecticut. At that time the objectant was single and the decedent had a wife by a prior marriage.

No issue was born of either union.

The objectant relies upon the presumption of the validity of the second marriage (*Matter of Dugro*, 261 App. Div. 236, affd. 287 N. Y. 595).

From the evidence it appears that the decedent married Anna Caeti, the wife by a prior marriage, in the city of New York on February 11, 1921. At that time the decedent resided in New York County and Anna Caeti was a resident of Kings County.

In May, 1922, the decedent instituted a proceeding to annul the marriage in the Supreme Court of Kings County on the ground of false representations on the part of Anna Caeti inducing said marriage. Judgment was entered in the said action dismissing the complaint upon the merits and the judgment was unanimously affirmed on appeal to the Appellate Division. On May 20, 1924, Anna Caeti was committed to a State institution as an incompetent person and she has been confined in a State institution continuously to the present time.

In 1929 the decedent instituted another action to annul his marriage with the said Anna Caeti in the Supreme Court of Bronx County in which action a decision was rendered granting the relief requested upon the condition that the decedent file security in the amount of $7,000 to insure the payment of $7 per week to the hospital where the said Anna Caeti was confined. The decedent failed to comply with such condition and no judgment or decree was ever entered for the relief demanded.

On March 21, 1947, the decedent obtained a Mexican decree of divorce from the said Anna Caeti. Neither the decedent nor Anna Caeti appeared in person before the Mexican tribunal nor was Anna Caeti personally served with process in the action.

On May 18, 1948, the decedent and the objectant, Pauline Caeti, applied for a license to marry in the State of Connecticut and in said application the decedent herein stated that his first marriage had been terminated by divorce. The application further stated that the decedent and the objectant were residents of Bronx County in the city of New York. Thereafter they were married in a religious ceremony in the State of Connecticut and took up their residence in the State of New York where they continuously resided as husband and wife until the death of the decedent in June, 1954.

The records of the State institutions where Anna Caeti was confined indicate that other than the process served upon her in the action instituted by the decedent in 1929 for the annulment of their marriage, no other process had been served upon her since her confinement in any matters which would affect her marital status.

The official certificates of the County Clerks of Bronx, Kings and New York Counties certify that there is no judgment or decree on record in any of the said counties dissolving the

marriage between the decedent and Anna Caeti. These counties were the only counties in which Anna Caeti or the decedent ever resided between the date of their marriage and the date of the decedent's death.

At all of the times herein mentioned, the decedent was a resident of the State of New York.

The Mexican decree of divorce obtained by the decedent being of the " mail-order " variety is invalid and worthless (*Caldwell* v. *Caldwell*, 298 N. Y. 146; *Matter of Andrew*, 132 N. Y. S. 2d 571). However, the objectant, apart from the presumption of the validity of her marriage, rests upon this Mexican divorce decree. She contends that the marriage between her and the decedent having taken place in Connecticut must be determined by the laws of Connecticut which, she further contends, recognizes as valid her marriage to the decedent under these circumstances.

Assuming the correctness of the objectant's interpretation of the Connecticut law, she, in asserting the rule that " a marriage valid where solemnized is valid everywhere " overlooks the elementary principle that every State has the right to determine the marital status of its own citizens and to prescribe the terms and conditions upon which this status may be changed (*Bell* v. *Little*, 204 App. Div. 235, 237, affd. 237 N. Y. 519; *Cunningham* v. *Cunningham*, 206 N. Y. 341, 347). The law of the decedent's domicile under which he had a wife, Anna Caeti, by a valid and undissolved marriage (*Caldwell* v. *Caldwell, supra*; *Matter of Andrew, supra*), accompanied him into the State of Connecticut. The domiciliary law (Domestic Relations Law, § 6) controlled the legal effect of his actions and effectively prevented a valid marriage therein (Restatement, Conflict of Laws, §§ 121, 132).

The objectant has not cited any case or statute to support her position that the law of Connecticut is other than that of New York with respect to the validity of the decedent's Mexican mail-order divorce.

The court is satisfied that this divorce decree was a nullity under the law of Connecticut as well as under the law of this State (*Poltz* v. *Poltz*, 15 Conn. Supp. 75; *Application of Blackwell*, 5 Conn. Supp. 190; *Chetelat* v. *Chetelat*, 4 Conn. Supp. 209; *Ringhoffer* v. *Ringhoffer*, 1 Conn. Supp. 35). Connecticut recognizes the necessity of domicile in a foreign jurisdiction as a necessary condition precedent to the jurisdiction of the foreign court which purports to render a divorce decree (*State* v. *Cooke*, 110 Conn. 348; *Rice* v. *Rice*, 134 Conn. 440, affd. 336 U. S. 674).

The proponent and Anna Caeti, by her special guardian, have met the burden of proving the illegality of the decedent's purported marriage to the objectant.

The motion to strike out the objectant's notice of appearance and to dismiss the objections to probate filed by her, is in all respects granted.

Settle order.