James J. Cowboy, J.
The two actions hereinafter more fully described, were tried jointly on consent of all the parties to both actions, it being agreed that the evidence adduced at such joint trial be considered in each case as it applied.
All of the parties are and have been residents of the State of New York prior to and since 1941. On October 30, 1941, the defendant, Sam Liebman, was divorced by his then wife by a final decree of the Supreme Court, State of New York, County of Queens. On November 8, 1941, he married the plaintiff, Janet Liebman, at Lexington, South Carolina. There are three children of this marriage, Lynn, 14, Adrian, 10, and Peter Michael, 7 years of age.
On October 19, 1954, the defendant, Sam Liebman, while a domiciliary of the State of New York, purported to obtain a divorce against the plaintiff, Janet Liebman, in Bravos District Court, City of Juarez, State of Chihuahua, Mexico. There was no appearance in those proceedings by or on behalf of Janet. The defendant, Sam Liebman, testified that he spent a total of one hour and a half in Mexico in obtaining the purported decree of divorce. On November 13, 1954, at Greenwich, Connecticut, he married Ellen Liebman. Sometime thereafter, he returned to the plaintiff, Janet Liebman, and is now living with her and their three children.
Ellen Liebman brought an action against Sam Liebman for separation on the grounds of abandonment and failure to support. Janet Liebman brought an action against him and Ellen for judgment annulling their marriage, declaring the plaintiff, Janet Liebman, to be the lawful wife of Sam Lieb-man, and restraining Ellen from using the name of Liebman or Mrs. Sam Liebman. In that action, Ellen served a third-party complaint against her codefendant, Sam Liebman, for damages, charging that by false and fraudulent statements on the part of the third-party defendant, she was defrauded into marrying him and thereafter living with him.
There is no question but that the Mexican divorce obtained without any appearance by the wife, either personally or by attorney, was completely ineffective in severing the marital tie existing between the defendant, Sam Liebman, and his wife, Janet. (Fischer v. Fischer, 254 N. Y. 463; Lefferts v. Lefferts, 263 N. Y. 131.)
The plaintiff in the separation action, Ellen Liebman, contends, however, that Sam Liebman, was estopped from asserting the invalidity of the Mexican divorce which he, himself, had obtained. Such contention has no merit. (Caldwell v. Caldwell, 298 N. Y. 146.) In that case, the court said (p. 151):
*906 “ To hold that one is estopped or precluded from showing the invalidity of a ‘ mail order divorce ’ is to allow such a void decree to affect, in some measure, the marital status of residents of this State.”
In Rosenbaum v. Rosenbaum (309 N. Y. 371, 376), the court said: “In our opinion, the question as to whether an injunction may issue to restrain defendant from prosecuting this Mexican divorce action — a clear legal nullity under the allegations of plaintiff’s complaint, and of no more validity than a so-called mail-order divorce, from which we said ‘no rights of any kind may spring ’ (Caldwell v. Caldwell, supra, p. 151) — is controlled by valid precedent in our court.”
The court finds that the plaintiff, Ellen Liebman, has failed to sustain the burden of proving her right to a separation because there was no valid marriage existing between her and the defendant, Sam Liebman, at the time of the commencement of her action. (Fischer v. Fischer, supra.) From the evidence in this case, the court finds that Ellen was entirely familiar with the facts in connection with the obtaining of the Mexican divorce and was advised and knew in advance of its invalidity; indeed she connived with the defendant, Sam Liebman, in obtaining that divorce. The third-party complaint, therefore, has not been sustained, even assuming that the cause of action for fraud would lie under the circumstances here presented. The third-party complaint is, therefore, dismissed on the merits.
The plaintiff, Janet Liebman, has, in the opinion of the court, sustained the burden of proving her claim and is entitled to a declaratory judgment as prayed for in her complaint, limited, however, by the rule laid down by our Court of Appeals in Baumann v. Baumann (250 N. Y. 382).
Settle separate findings and judgments.