Charles J. Beckinella, J.
This is a motion by the plaintiff for summary judgment in an action in which the plaintiff seeks a judgment declaring that she and the male defendant are wife and husband; that the defendants are not husband and wife; and that a Mexican decree procured by the male defendant is invalid.
A contention was made on the oral argument that summary judgment will not lie in a matter such as the instant dispute. As to this, see subdivision 9 of rule 113 of the Rules of Civil Practice, effective January 1, 1953, which authorizes summary judgment in an action for a declaratory judgment. No exception is made of matrimonial matters.
The complaint in paragraph 1 alleges that the plaintiff and male defendant were married in 1929 and in paragraph 2 that no court of competent jurisdiction has ever dissolved that marriage. In paragraph 3 it is alleged that the male defendant commenced a divorce action in Mexico in 1954; that the plaintiff was not served with process in that action and did not appear in the action; that the male defendant procured a divorce purporting to divorce him from the plaintiff; that the male defendant did not remain in Mexico for a period of more than two days but returned to New York. The defendants in their answer admit “ each and every allegation contained in paragraph 3 of the complaint ” but deny that the Mexican divorce “ is colorable and is of no force and effect in law whatsoever.” Paragraph 4 of the complaint states inter alia that the male defendant’s “ sojourn ” in Mexico was brief “ and for the purpose of going through the divorce proceedings.” This allegation is admitted by the answer.
Other allegations in the complaint relate that the defendants are holding themselves out as husband and wife and that this humiliates and embarrasses the plaintiff.
In support of her motion the plaintiff states in an affidavit that she did not appear in the Mexican divorce action nor was she served with process in that action. She also states that the defendant remained in Mexico not more than one day but returned to New York immediately; that the male defendant has been a resident of New York City for the past 25 years and that for the past six years he has been employed by the New York City Housing Authority. The court notes that it was during the time he was employed by the New York City Housing Authority that the male defendant procured the Mexican divorce decree.
In their joint affidavit in opposition to the instant motion the defendants deny none of the plaintiff’s allegations regard *748 ing the male defendant’s 25-year residence in this State, his six-year employment in this city, his fleeting visit to Mexico, and the plaintiff not appearing nor being served with process in the Mexican action.
The Court of Appeals has recently characterized the sort of Mexican divorce action which the male defendant has prosecuted in the instant dispute as “ a clear legal nullity under the allegations of plaintiff’s complaint, and of no more validity than a so-called mail-order divorce, from which we said ‘ no rights of any kind may spring ’ (citing authority) ”. (Rosenbaum v. Rosenbaum, 309 N. Y. 371, 376.) In the same case the court stated (p. 377): “ If, in fact, defendant obtains a Mexican divorce and thereupon enters into a subsequent marriage, plaintiff need have no fear for her property rights and marital status under New York law (Imbrioscia v. Quayle, 278 App. Div. 144, affd. 303 N. Y. 841; Goldstein v. Goldstein, supra). A simple action for declaratory judgment, when all the facts may be fully developed, is at all times available to her (see Baumann v. Baumann, 250 N. Y. 382; Lowe v. Lowe, 265 N. Y. 197), the expenses of which may be assessed against defendant (Civ. Prac. Act, § 1169-a).”
Accordingly, since the only barrier which defendants set up as a defense to the plaintiff’s action is a divorce decree which is “ a clear legal nullity ”, the motion for summary judgment is granted.
Settle order on notice.