■    HARRY APELBAUM, Appellant, v. HELEN APELBAUM, Respondent.— In an action to annul a marriage, the appeal is (1) from a judgment dismissing the complaint on the merits after trial, and (2) from the decision upon which said judgment was entered.    Judgment unanimously affirmed, with costs. Respondent entered into a marriage with one Goldman in Austria in 1946. Some months thereafter she settled in this State, and in 1948 she procured a divorce decree from a court in Mexico, without going to that country, and without service of process upon Goldman or his appearance in the action in Mexico.    Later that year she married appellant in New Jersey.    There is conflicting evidence as to whether appellant induced respondent to procure such decree, made arrangements and paid a fee to an attorney to procure the decree. However, it is undisputed that appellant knew, prior to marrying respondent, that she had procured the Mexican decree without going to that country and without service of process on Goldman, who did not appear in the action. Respondent has a child from each of her said marriages.    Determination of the question of the validity of the marriage between the parties is governed by the law of the State in which they entered into the marriage (*Brown* v. *Brown,* 282 App. Div. 726, affd. 306 N. Y. 788; *Shea* v. *Shea,* 294 N. Y. 909).    It is the law of New Jersey that a decree of divorce procured from a Mexican court under circumstances such as these is regarded as a nullity (*State* v. *De Meo,* 20 N. J. 1, 6; *Untermann* v. *Untermann,* 35 N. J. Super. 367; *Matter of Cohen,* 10 N. J. 601, 602; *State* v. *Majjar,* 2 N. J. 208, affg. 1 N. J. Super. 208; *Tonti* v. *Chadwick,* 1 N. J. 531, 536).    Parenthetically, the rule is the same in New York (*Caldwell* v. *Caldwell,* 298 N. Y. 146; *Querze* v. *Querze,* 290 N. Y. 13).    However, it is also the law of New Jersey that a person who knows that the one he is about to marry has procured a Mexican decree of divorce under circumstances such as these charged with knowledge that such decree is a nullity, that he is deemed as having unclean hands and that he therefore will be denied an annulment (*Tonti* v. *Chadwick, supra*; cf. *Staedler* v. *Staedler,* 6 N. J. 380).    If it be correct to apply this New Jersey doctrine of unclean hands in the instant case, that would be a sufficient basis to require affirmance. However, even if that not be so, affirmance is nevertheless required.    The presumptions favoring validity of marriages and legitimacy of children are so strong as to eclipse the presumption that might otherwise protect the validity and subsistence of a prior marriage of one or another of the parties and to place upon the party who seeks to rebut these presumptions the burden of proving that the prior marriage or marriages were valid and not terminated prior to the marriage in question, even though this might require the proof of a negative.    This rule obtains both in New Jersey and New York (*Matter of Dugro,* 261 App. Div. 236, affd. 287 N. Y. 595; *Matter of Conklin* v. *Tuttle,* 234 App. Div. 1, affd. 260 N. Y. 663; *Johannessen* v. *Johannessen,* 70 Misc. 361, 365–366; *Sillart* v. *Standard Screen Co.,* 119 N. J. L. 143; *Hefele* v. *Hefele,* 110 N. J. Eq. 457; *Keller* v. *Linsenmyer,* 101 N. J. Eq. 664).    Appellant failed to present any evidence whatsoever to establish that Goldman was free to marry respondent and thereby he failed to establish that respondent's marriage to Goldman was valid and that respondent was not free to marry appellant. Appeal from decision dismissed, without costs.    No appeal lies from a decision. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.