Henry Epstein, J.
Plaintiff, Magda Shor, sues defendant, Joel Shor, for a separation, or for an annulment of a ceremony claimed by plaintiff to have created the relationship of man and wife. Defendant had been twice wed before. A separation agreement between defendant and his second wife, Lois Shor, is dated November 15, 1958. Plaintiff knew of the defendant’s marriage to Lois Shor and that there was no decree of divorce when plaintiff accompanied defendant to Juarez, Mexico. In Juarez on November 15, 1957 defendant obtained an ex parte divorce from Lois Shor who neither appeared nor was represented in said divorce. The same day, within a few minutes after the divorce decree was obtained, defendant and plaintiff went through the form of a civil marriage ceremony in the same City of Juarez, Mexico. The very next day these parties had a rabbi in El Paso, Texas, give them a form of certificate that he had performed for them a marital ceremony. They had shown him the Mexican divorce decree. No such marriage form or ceremony is recorded in El Paso, Texas. Before proceeding to Mexico, plaintiff and defendant had been warned by a member of the Bar of this State that such a proposed Mexican divorce and marriage would be worthless in this State. Plaintiff and defendant proceeded to Mexico and went through the forms hereinbefore outlined.
Shortly after meeting defendant, plaintiff went to live and sleep with him in his and his wife Lois’ home (tenants by entirety). This was in August, 1957 or shortly thereafter, defendant having been separated from Lois since May, 1957. Neither plaintiff nor defendant was ever other than a resident of New York. Their few hours in Juarez, Mexico, cannot be regarded as other than a prearranged fraud on New York law. The so-called Mexican divorce and the purported civil ceremony are wholly void and without effect in this State and will not be recognized by this court. Authority is ample for this conclusion. (Rosenbaum v. Rosenbaum, 309 N. Y. 371; *1054 Liebman v. Liebman, 8 Misc 2d 904; Alfaro v. Alfaro, 5 A D 2d 770; Henry v. Henry, 13 Misc 2d 746.)
The said void Mexican decree and marriage are bars to the present action by plaintiff. (Caldwell v. Caldwell, 298 N. Y. 146, 151; Packer v. Packer, 6 A D 2d 464.)
Plaintiff’s knowledge of the prior and still existing marriage of defendant when she entered into the Mexican form of court procedure completely bars her from seeking the relief she asks of this court. Counsel’s argument that the Mexican decree and Mexican civil ceremony should be recognized here because recognized in Mexico is without weight here. So, too, is his argument that the divorce in 1959 by defendant’s second wife makes the Mexican ceremony of 1957 valid. Such recognition would make a mockery of the established law in this State and would put a premium on license in the form of invalid marriage.
On October 9,1958 plaintiff and defendant came to the parting of their ways. On November 15, 1958 plaintiff left defendant’s home where she had dwelt. Their bickering and plaintiff’s efforts to obtain the house and other property; her haste in running up large bills for purchases in stores and handing the bills to defendant — all are of a piece with her unbelievable testimony. It is unnecessary to consider these difficulties. It is sufficient for this case to state that these parties were never husband and wife. They were never married. Their pretended marriage and defendant’s Mexican decree from his second wife were and are worthless. These parties, each purporting to be professional psychologists, entered an alleged marriage in November, 1957. In July, 1958 they ceased to live together or cohabit. In October, 1958 plaintiff sought to impress a trust on the house where they had lived. This action was unsuccessful. Her demand for a divorce was unsuccessful. The present action must also fail. Complaint dismissed on the merits. Plaintiff and defendant were never husband and wife; no separation, no annulment can be had where no marriage was ever entered. Motion for added counsel fees by plaintiff’s counsel denied. Payment of $1,000 already received is ample for such services.
Submit judgment.