■ RAFFAELLA B. FRASSETTI et al., Appellants, v MARIE FRASSETTI, Respondent.—In an action, *inter alia,* for the partition of certain real property, plaintiffs appeal from so much of an order of the Supreme Court, Nassau County, dated November 12, 1976, as denied their motion for summary judgment. Order affirmed insofar as appealed from, without costs or disbursements. In view of the strong presumption of the validity of the second marriage (see *Apelbaum v Apelbaum,* 7 AD2d 911), questions of fact remain which preclude the grant of summary judgment. Cohalan, Acting P. J., Hawkins and Mollen, JJ., concur; Suozzi, J., concurs in the result, with the following memorandum: I concur with the result reached by the majority in affirming the denial of plaintiffs' motion for summary judgment, but not for the reasons indicated in the majority's memorandum. Although other issues of fact are raised by the pleadings, it is my view that no issues of fact exist with respect to the question of the termination of the decedent's first marriage to Raffaella Frassetti. On the record herein, the plaintiffs have overcome their burden of rebutting the strong presumption which favors the validity of the second marriage and have sufficiently established that the decedent's first marriage to Raffaella Frassetti in 1918 in Italy was never validly terminated and that his marriage to the defendant in 1951 in New York City was unlawful. It is uncontradicted that the decedent and plaintiff Raffaella Frassetti were married in Italy on May 30, 1918. In her moving papers, plaintiff Raffaella Frassetti deposed that she never commenced any action or proceeding to dissolve her marriage to the decedent; nor had she received process in any action, civil or ecclesiastical, in which she was named as a defendant for the purpose of dissolving the marriage. It is also undisputed that in his application for a marriage license for his second marriage, decedent falsely stated: "No previous marriage for the groom." This false statement lends credence to the first wife's statement that she never instituted. divorce proceedings against decedent and was

never served with process in any action or proceeding instituted by decedent to dissolve the marriage. The plaintiffs' assertions, when considered in the light of defendant's failure to deny or contradict them, and the decedent's false statement, in combination with the court taking judicial notice, pursuant to CPLR 4511 (subd [b]) that civil divorce did not exist in Italy at the ·time of decedent's marriage to plaintiff Raffaella Frassetti, or even at the time of his purported second marriage to the defendant in 1951, clearly establishes that the first marriage was not terminated. It is my view that the presumption of validity which attached to the second marriage was overcome by plaintiffs and that the burden of proving that the decedent was competent to enter into the second marriage shifted to the second wife, the defendant in this action (see *Matter of Terry,* 32 Misc 2d 470). The defendant, however, in her opposing papers, has not only remained mute but has completely ignored the issue. Her answering papers consist solely of her attorney's affidavit, in which he does not even generally deny or otherwise dispute plaintiff's factual assertions and those papers are, therefore, lacking in any probative value.