CONSTANCE V. BRUGGEMANN, Respondent, *v.* AUGUST BRUGGEMANN, Appellant.

Second Department, May 7, 1920.

Husband and wife — action for separation — cruel and inhuman treatment — wife being maintained in husband's home — temporary alimony — counsel fees.

A wife in an action for separation on the ground of cruel and inhuman treatment is not entitled to temporary alimony, where it appears that she is staying voluntarily and safely in her husband's house and that the arrangement is agreeable to the defendant, and there is no proof that she is not being maintained in his house according to the station in life of the parties.

However, as the defendant intends to raise the question of jurisdiction on the trial, an allowance of counsel fees is proper.

APPEAL by the defendant, August Bruggemann, from an order of the Supreme Court, made at the Kings County Special

Term and entered in the office of the clerk of the county of Kings on the 22d day of March, 1920, requiring the defendant to pay to the plaintiff counsel fees and alimony during the pendency of the action.

*Frederick F. Neuman* [*Franklin Waldheim* with him on the brief], for the appellant.

*Abner Greenberg,* for the respondent.

JENKS, P. J.:

This action is limited divorce for cruel and inhuman treatment. The Special Term ordered temporary alimony of $40 a week and a counsel fee of $250.

When the plaintiff made this application she and her tender infant were living in her husband's house, where her husband lived also. It is true that the woman deposes that she had been ordered to " Get out " of her home, but she is not corroborated, and she does not specify either time or circumstance. If such an order was given, evidently she felt secure to disobey it. And for aught that appears her stay is voluntary and neither degrading nor dangerous. If the affidavit of her husband is to be credited, her abode in the home is agreeable to him, aside from its effect upon this litigation or in the saving of his money. There is no proof that the woman and the child are not afforded maintenance in this house according to the station of life of the parties. The purpose of alimony is support. (*Turner* v. *Woolworth,* 221 N. Y. 429.) It should be denied in this case. (*Smith* v. *Smith,* 92 App. Div. 442.) I do not advise a denial of any counsel fee, especially as the defendant intends to raise the question of jurisdiction, which he may do at trial (*Gray* v. *Gray,* 143 N. Y. 354), but I think that only $100 should be allowed.

The condition of the Special Term calendar affords a trial forthwith, if both parties are anxious for a disposition of the issue. I venture the opinion, formed upon the papers, that mutual forbearance and concession might restore harmony in this home, and keep the parties out of the divorce court. It is hard to credit that the single act of violence specified in the complaint accompanied by the words alleged, occurred on the very day that the wife bore the child which is the sole

issue of the marriage. Such deed and words are not natural to the husband as he reveals himself in his affidavit, which strikes me as frank and truthful.

The order is modified by striking out the provision for alimony *pendente lite,* and by allowance of a counsel fee of $100 only, without costs to either party.

MILLS, RICH, PUTNAM and BLACKMAR, JJ., concur.

Order modified by striking out the provision for alimony *pendente lite,* and by allowance of a counsel fee of $100 only, without costs to either party.