John F. Scileppi, J.
Plaintiff sues to annul Ms marriage to the defendant who counterclaims for a separation.
The parties were married in Juarez, Mexico, on July 19, 1955. They lived together until December 6,1955, when they separated. There has been no cohabitation between them since. There are no children of the marriage.
Prior to the plaintiff’s marriage to the defendant she was married in June of 1947 to one John Walters, from whom she obtained a divorce in Juarez, Mexico, just prior to her marriage to the plaintiff. Plaintiff now questions the validity of that divorce, alleging that it was void and, therefore, when, the defendant married him she was legally married to Walters.
The pertinent facts and circumstances which culminated in the divorce defendant obtained from her former husband are as follows: In February, 1955 the defendant, in the presence of the plaintiff, asked her former husband if he were willing to co-operate with her with respect to obtaining a divorce against him. The parties had then been separated for several years and he acceded to her request, but refused to pay the expenses of obtaimng the divorce. The plaintiff thereupon agreed to pay these expenses and eventually did. The defendant herein then consulted attorneys in New York, through whose efforts she instituted her action against her then husband in Juarez, Mexico, by an attorney with offices in that jurisdiction. In the meantime, defendant’s former husband executed and delivered to her attorneys in New York a power of attorney authorizing a lawyer with offices in Juarez, Mexico, to appear for him in any divorce action commenced by his wife against him.
In July, 1955 both the plaintiff and the defendant went to El Paso, Texas; they arrived on July 18; crossed the Mexican border where the defendant signed certain “ divorce papers ” and both then proceeded to the office of the clerk of the court in Juarez. Walters’ attorney filed a notice of appearance on his behalf, pursuant to the power of attorney he had received from Mm- This was done on the same day. After several *556 hours, the parties returned to El Paso and on the next day the plaintiff and the defendant returned to the clerk’s office in Mexico where the defendant received her decree of divorce. There, she married the plaintiff immediately thereafter. They returned to El Paso, remained for nine days, and then returned to New York.
While plaintiff’s active participation in this matter and the conduct of the parties with respect to the defendant’s Mexican divorce action does not commend itself to the court, the plaintiff’s conduct would not estop him from obtaining the annulment he seeks if, in fact, the Mexican decree were invalid. (Jackson v. Jackson, 274 App. Div. 43; Honig v. Honig, 267 App. Div. 908.) However, in the action which resulted in the decree the plaintiff there, who is the defendant before this court, appeared personally within the Mexican jurisdiction and her then husband Walters, who does not attack the divorce decree, appeared in that action by his duly authorized attorney. In such circumstances our courts recognize the resulting decree on the basis of comity. (Caswell v. Caswell, 111 N. Y. S. 2d 875, affd. 280 App. Div. 969; Mitchell v. Mitchell, 194 Misc. 73; Matter of Fleischer, 192 Misc. 777, 779-780; Costi v. Costi, 133 N. Y. S. 2d 447.)
In the light of these decisions this court is constrained to find that the defendant’s divorce obtained in Mexico against her former husband, John Walters, is valid and, therefore, the marriage of the plaintiff to the defendant in that country, immediately thereafter, is a valid marriage.
With respect to the defendant’s counterclaim for separation, the court finds: That shortly after the plaintiff and defendant married, plaintiff came home at early hours of the morning two and three times a week and that at least one one occasion he was very much intoxicated; that the plaintiff refused to give to the defendant any explanation whatsoever for this conduct and when she requested one he threatened her with bodily harm. The court finds further that the plaintiff struck the defendant on October 3,1955, and again during the first week in November of 1955, causing her face to become sore and discolored. Plaintiff’s conduct placed the defendant in great fear of the plaintiff and impaired her health and well-being to the extent that she was obliged to leave their home on December 6, 1955. The course of conduct by the plaintiff toward the defendant constituted cruel and inhuman treatment which entitles the defendant to a decree of separation.
Accordingly, the plaintiff’s complaint is dismissed on the merits and the defendant is awarded a judgment of separation *557 on her counterclaim. Plaintiff is directed to pay the defendant as alimony for her support and maintenance the sum of $20 per week, to commence on March 1,1957, and is further directed to pay the defendant the sum of $400 as counsel fees, that matter having been reserved for the trial court by the order of Special Term, dated September 17,1956.
The foregoing constitutes the decision of the court pursuant to section 440 of the Civil Practice Act. Submit judgment on notice in accordance, without costs.