Frederick Backer, J.
Plaintiff moves to punish her husband for contempt for failure to pay arrears of alimony pendente lite required under an order dated March 11, 1957. The defendant cross-moves to vacate said order and to dismiss the action upon the ground that the parties settled their differences and have executed a separation agreement. Both motions will be disposed of herein.
*715 By the order of March 11, 1957, plaintiff was awarded $60 weekly pendente lite for the support of herself and two infant children of the marriage. Defendant having fallen in arrears of required payments, plaintiff moved to punish him for contempt. That motion was returnable on May 8, 1958. Defendant requested and obtained 'an adjournment for one week. In the interim, negotiations for settlement took place which culminated, on May 12, 1958, in the execution of a separation agreement, in writing. It embodied specific provisions for custody and visitation privileges in respect of the two children. It also provided that the amount of the alimony previously awarded be reduced to the sum of $50 weekly and that stated arrears be paid. Upon execution of the agreement it was agreed that the motion be adjourned to a future date. The motion was adjourned from time to time and finally marked “ off ” calendar on August 11, 1958. Plaintiff, now claiming that defendant has failed to live up to the agreement, by reason of his failure to make the required payments thereunder, has restored the original motion to punish for contempt to this calendar for disposition. I now have the cross motions hereinbefore stated.
Plaintiff seeks to disaffirm the agreement and to enforce her rights under the order of March 11, 1957. She avers that there was no consideration for the agreement and that the separation action is still pending since it was not discontinued by an order of the court. This contention is without merit, nor are the cases cited by her attorney in point. By decisional law it has become firmly established that where there is a subsisting separation agreement, valid on its face, it stands as a bar to the separation action (Borax v. Borax, 3 A D 2d 404, 3 A D 2d 824; Galusha v. Galusha, 116 N. Y. 635). Moreover, the separation agreement here indicates from its very language an intent on the part of the parties to dispose of their dispute and all differences by way of the formal agreement rather than by trial. This is patently evident from the expressions of mutual consideration contained in the preamble 'and ‘ whereas ’ ’ clauses; from the assignment of the lease of the apartment and disposition of furniture; from the detailed provisions respecting visitation and notice regarding the children and penalties to be imposed upon the defendant for any default in notice or in his failure to appear for the visitation period, or his personal appearance in improper manner; from the provisions in respect of the amount for support and maintenance and arrears acknowledged; from the provision that in the event of failure to make the required payments the wife, among other things, may “ take any and all necessary legal procedure to collect the *716 same and agrees to pay the wife’s counsel fees for said legal procedures.”
In light of this formal, all-embracing agreement, it must be held that plaintiff may not disregard same. She may not simply move by way of the original motion to punish defendant for contempt and thereby ignore the agreement and at the ¡same time enforce her rights under the order of March 11, 1957. With the execution of the separation agreement this court lost jurisdiction of the controversy and the action for all intents and purposes was at an end. Plaintiff, therefore, is relegated to pursue her rights either under the separation agreement or by a disaffirmance of same and institution of a separation action de novo. It matters not that a formal order of discontinuance was not entered (Ariel v. Ariel, 5 A D 2d 168; Ariel v. Ariel, 6 A D 2d 774).
Moreover, it appears that defendant was injured in an automobile accident which occurred one week after the execution of the separation agreement. His injuries confined Mm, and, for a period of six weeks, he had no income. He is employed as a longshoreman. In the circumstances I am not satisfied that his failure to meet the payments required was willful or contumacious.
In light of the foregoing the motion to puMsh for contempt is denied. The cross motion is denied since there is no action pending because of the afore-stated reasons.