Fred J. Munder, J.
Defendant, Egbert L. Heine, moves to dismiss the first and fifth causes of action alleged in the complaint.
The first canse of action is for a declaratory judgment that a Mexican divorce granted to plaintiff on a one-day appearance in Mexico by her and the appearance by attorney in fact on behalf of the defendant is invalid. The law on this point is clear in these circumstances. This Mexican decree is entitled to recognition by us under the doctrine of comity. (Laff v. Laff, *410 5 Misc 2d 554, affd. 4 A D 2d 874.) Consequently the first cause of action must be dismissed.
The fifth cause of action is for an absolute divorce, plaintiff charging adultery on defendant’s part by living with his second wife. This cause of action is predicated on the theory that the Mexican divorce between plaintiff and defendant is invalid. In the second and third causes of action plaintiff alleges the invalidity of the Mexican divorce because of (1) her incompetency at the time she procured that divorce, and (2) plaintiff’s duress which caused her to procure it. She is not estopped from asserting these claims. (Averbuck v. Averbuck, 270 App. Div. 116.) If she is successful-in either of these causes of action and the Mexican divorce is declared invalid the fifth cause of action may be sustained.
Consequently the motion to dismiss the first cause of action is granted and the motion is otherwise denied, without costs.
Submit order.