Vincent A. Lupiano, J.
In this action, plaintiff seeks judgment declaring a divorce decree she obtained in Mexico in 1954 null and void and that she is the wife of the defendant; in her second cause she would recover the sum of $9,600, representing alleged arrears from August, 1950 stemming from a separation agreement the parties made on November 9, 1948.
Defendant urges that the Mexican decree is valid and enforcible; or, if, invaEHv^theliránffiff to ed"in as ser ting such tilvalidity. As to moneys demanded, the defendant maintains that the separation agreement was terminated and defendant was released, in writing, “ including but not limited to alimony arrears under a separation agreement between the parties, dated November 9, 1948.” The release recites the payment of $4,500.
The separation agreement provided, amongst other things, for payment by the defendant to the plaintiff of $100 per month “ during her lifetime or until she remarries.” A civil action commenced in 1952 for arrears was discontinued by stipulation dated December 4, 1953. The release, previously mentioned, is dated November 30, 1953. As part of a scheme embracing the disposition of the arrears action and the giving of the release, plaintiff claims she and defendant had agreed to obtain a divorce which was a “ contract to alter or dissolve the marriage or to relieve the husband from his liability to support (her) ”, violative of section 51 of the Domestic Relations Law. This, the husband denied.
*497 Plaintiff points up evidence indicating that in November, 1953 defendant deposited $4,500 with her own lawyer. This sum, she says, was given ostensibly for payment under the release agreement though actually it served as dangling bait, withheld until she proceeded to Mexico for the purpose of effectuating a divorce. “ [B]eing in debt for psychiatric and dental treatment and without funds (she) did on the 19th day of March, 1954, apply to the Mexican courts for a divorce and on the 20th day of March, 1954, did obtain such divorce ”. The defendant appeared in that action by power of attorney. 1 ‘ Fraud and deceit” is contended as a thrust against the divorce decree; ‘ ‘ overreaching ’ ’, with 11 knowledge of the impecunious and mental state of the plaintiff”, is also alleged, but this charge is not substantiated.
The parties were the only witnesses at the trial. There is no medical or other convincing evidence that plaintiff was bereft of rationalizing process or in such mental state so as to render her helpless to act for herself. Furthermore, she was represented by counsel of her own choosing in all legal phases involved herein. Fraud or deceit does not affect the issues herein.
The complaint herein must be dismissed both as to declaratory judgment sought and moneys demanded.
In the second cause of action the issue is whether or not the separation agreement is a subsisting one, requiring defendant to give support in the manner therein set forth. In a word, the plaintiff stands on this agreement, unimpeded by the release agreement, and demands moneys which she claims are due and owing thereunder. Though the release agreement, literally construed, per se, did not bar subsequent rights to support payments, it, nevertheless, is treated as a circumstance, with other potent circumstances, to evidence what the parties’ intention was respecting the separation agreement. Clearly, the separation agreement came to an end upon its repudiation and abandonment by the parties. This is shown by the conduct of the parties, particularly that of the plaintiff, who alluded to the separation agreement in the Mexican divorce as ‘6 being superseded by a lump sum settlement.” Consistently, long after-wards, she did nothing to enforce the separation agreement except on the occasion of this action. As parties may mutually agree to abandon or rescind a separation agreement between themselves, what followed, in that phase, became a new factual and legal situation not involved within the issues raised herein (see Randolph v. Field, 165 App. Div. 279; Sockman v. Sockman, 252 App. Div. 914; Boehm v. Boehm, 262 App. Div. 104). The second cause of action must therefore fall.
*498 Aneut declaratory judgment: there is no doubt of the degree of plaintiff’s participation in obtaining the foreign decree of divorce — a phase which sometimes plagues the question of estoppel. The wife personally appeared within the foreign jurisdiction. In these circumstances, her conduct repels grant of judgment declaring the divorce null and void. In this aspect, as noted before, the evidence she offered in legal excuse and disclaimer of conduct in estoppel is incapable of stirring equity’s conscience. The plaintiff is burdened with her own doing. Moreover, the husband appeared in the foreign action and thereby made the Mexican divorce decree invulnerable to any attack (Laff v. Laff, 5 Misc 2d 554, affd. 4 A D 2d 874; Caswell v. Caswell, 111 N. Y. S. 2d 875, affd. 280 App. Div. 969; Fricke v. Bechtold, 8 Misc 2d 844; Costi v. Costi, 133 N. Y. S. 2d 447; see Caldwell v. Caldwell, 298 N. Y. 146; Boxer v. Boxer, 7 A D 2d 1001).
The foregoing constitutes the decision of the court, as required by statute, and based thereon, the complaint is dismissed. Settle judgment accordingly.