■ John Force, Respondent, v. William E. Hall, Appellant.— In an action to recover damages for personal injuries, the appeal is from an order of the City Court of Mount Vernon denying appellant's motion to vacate an ex parte order for substituted service, and the service made thereunder. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

■ Florence Gallin, Appellant, v. Sidney Gallin, Respondent.— Pursuant to stipulation, appeal withdrawn, without costs. Present — Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ.

■ Hartsdale Public Parking District, Appellant, v. Socony Mobil Oil Company, Inc., et al., Respondents.— In a condemnation proceeding, the appeal is from a judgment dismissing the petition, after trial, upon the grounds that the record does not show, as required by the enabling statute (L. 1950, ch. 402, § 4), that appellant was authorized to proceed with the condemnation of an easement, that there was reasonable effort to purchase prior to condemnation, or that there was necessity for such condemnation. Judgment unanimously affirmed, with costs. No opinion. Present — Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ.

■ Mary A. Heine, Appellant, v. Egbert L. Heine et al., Respondents. — In an action by a wife for a judgment declaring void a Mexican decree of divorce which she procured on a " one hour " appearance (first cause of action), and for other relief, the appeal is from so much of an order as granted defendants' motion to dismiss the first cause of action for failure to state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106). Order modified upon the law by striking from the first ordering paragraph the word "granted," and by substituting therefor the word "denied," and by striking out the second ordering paragraph. As so modified, order insofar as appealed from unanimously affirmed, without costs. The respondents, if so advised, may serve their answers to the first cause of action within 20 days after service of a copy of the order hereon with notice of its entry. Under the allegations of the complaint, which we must assume are true, the Mexican divorce here involved is a nullity, and of no more validity than a so-called mail-order divorce (Rosenbaum v. Rosenbaum, 309 N. Y. 371, 376; cf. Caldwell v. Caldwell, 298 N. Y. 146; Alfaro v. Alfaro, 5 A D 2d 770, affd. 7 N Y 2d 949). It was error, therefore, to dismiss appellant's first cause of action for insufficiency. In view of the cited cases, it is our opinion that the decision in Laff v. Laff (5 Misc 2d 554, affd. 4 A D 2d 874) rendered after a trial of the issues involved, is no longer controlling. Present — Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ. [20 Misc 2d 409.]

■ Sidney Holzer, as Trustee in Bankruptcy of Noel Simon, Respondent, v. Noel Simon, Appellant.— In an action by a trustee in bankruptcy, the appeal is (1) from an order of the County Court, Nassau County, granting respondent's motion for summary judgment, and (2) from the judgment entered thereon. Order and judgment reversed, with one bill of $10 costs and disbursements, and motion denied. In our opinion, the record presents issues of fact as to (1) whether the three $100 checks were the proceeds of appellant's prior wages and commissions after garnishee deductions (Civ. Prac. Act, § 684), and (2) whether such proceeds were necessary for the reasonable requirements of the debtor and his family (Civ. Prac. Act, § 792, subd. [c]). Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur. [16 Misc 2d 568.]