Murray T. Feiden, J.
Plaintiff moves for alimony and counsel fees pendente lite in this separation action. The defendant resists this application by challenging the legality of his marriage to the plaintiff, assigning as his ground the invalidity of a prior Mexican decree of divorce procured by the plaintiff. Plaintiff counters by urging that the defendant induced her procurement of such decree; that he accompanied her to Mexico and paid all the expenses save the legal fees to which he con *1078 tributed half and that, immediately after the divorce was granted, plaintiff and defendant were married while still in Mexico.
It is not disputed that the plaintiff’s husband by her first marriage appeared by a duly authorized attorney in the divorce action in Mexico.
A plethora of decisions lends consistency and uniformity to the ruling by the courts that Mexican decrees of divorce will be upheld where there has been a personal appearance by one of the parties in Mexico and an appearance by a duly authorized attorney in behalf of the other. Illustratively, in Laff v. Laff (5 Misc 2d 554) the wife personally appeared in- Mexico. The husband appeared by an attorney who was duly authorized by an appropriate power of attorney to so appear in the husband’s behalf. After trial, the court upheld the judgment of divorce of the Mexican court, which had issued the decree, a determination affirmed by the Appellate Division of this Department. (4 A D 2d 874, motion for leave to appeal denied 4 A D 2d 959.)
On similar jurisdictional facts, after trial, there were like holdings in Caswell v. Caswell (111 N. Y. S. 2d 875, affd. 280 App. Div. 969); Bowen v. Bowen (22 Misc 2d 496); Fricke v. Bechtold (8 Misc 2d 844) and Mountain v. Mountain (109 N. Y. S. 2d 828).
• Determinations to the same effect were reached in the consideration of motions and incidental proceedings in the cases of Mitchell v. Mitchell (194 Misc. 73); Matter of Fleischer (192 Misc. 777, 780); Costi v. Costi (133 N. Y. S. 2d 447); Leviton v. Leviton (6 N. Y. S. 2d 535).
In the recently decided case of Heine v. Heine (10 A D 2d 967 [2d Dept.]) the wife, who had procured a divorce upon her one-hour appearance in Mexico and the appearance of her husband by an attorney, duly authorized, as the record on appeal reflects, sought a declaration in the first cause in her complaint, that the decree thus procured by her was invalid. Special Term dismissed that cause of action upon the ground that plaintiff was estopped to impeach the validity of the decree which had issued in an action which she had initiated and under the factual circumstances which there obtained. The Appellate Division of this Department, in reversing the dismissal of the complaint below, ruled that the cause was sufficient as a pleading. That court, in its opinion, expressly reaffirmed adherence to its authoritative holding in the Laff case (supra).
This court is, accordingly, constrained by the weight of authority to overrule the defendant’s contention that the alleged invalidity of the Mexican decree of divorce which issued in *1079 favor of the plaintiff so taints her subsequent marriage to the defendant as to foreclose an award to the plaintiff, pendente lite.
The defendant further opposes the within application npon the ground that inasmuch as plaintiff and defendant resided together at the time of the commencement of the within action a temporary award of the plaintiff is precluded. However, in this Department it has been held that such circumstance will not, of itself, bar a wife’s application for a temporary allowance (Bergman v. Bergman, 280 App. Div. 820; Spletzer v. Spletzer, 200 Misc. 614; Appelbaum v. Appelbaum, 81 N. Y. S. 2d 580), nor, indeed, would such continued residence serve as a bar to a judgment after trial (Lowenfish v. Lowenfish, 278 App. Div. 716; Donnelly v. Donnelly, 272 App. Div. 779).
The denial of alimony pendente lite where the parties continue to reside together has rested upon grounds other than that fact alone, such as a showing by the husband that adequate provision was being made for the wife or that he continued his customary standard of maintenance for her (Maurer v. Maurer, 263 App. Div. 290; Lampert v. Lampert, 268 App. Div. 920). Even where temporary alimony has thus been denied, the wife has been awarded a counsel fee to enable her to prosecute her action (Smith v. Smith, 92 App. Div. 442; Bruggemann v. Bruggemann, 191 App. Div. 689).
Pragmatically viewed, this aspect of the problem may be deemed academic inasmuch as since the institution of this action plaintiff has removed from the apartment theretofore occupied by the parties for the reason that she felt that defendant’s conduct rendered it unsafe for her to continue to reside with him.
As is frequently the case in contested matrimonial actions the affidavits submitted by the parties reflect irreconcilable conflict, not only as to the underlying basis of the difficulty between the parties but as to the husband’s financial resources and the wife’s reasonable requirements. In the instant case, however, there is a sufficient showing by the plaintiff warranting the relief she seeks. It may be noted that the evasion and lack of candor practised by the defendant hardly commend themselves to the court’s favorable consideration. Although two affidavits are submitted by the accountants for the defendant, they fail to disclose the moneys realized by the defendant incident to the sale of the liquor store or the. amount invested by bim in the boat yard, which enterprises are dealt with in the papers herein.
The motion for alimony and counsel fees pendente lite is granted. In view of the fact that plaintiff is presently residing with her mother temporary alimony will be fixed at $45 a week. *1080 Counsel fee is awarded in the sum of $450, payable $250 within 20 days from the service of a copy of the order to be entered hereon with notice of entry thereof and the balance when the case appears on the calendar for trial and plaintiff indicates her readiness to proceed.
Should the plaintiff, if so advised, successfully invoke the right to examine the defendant before trial (Campbell v. Campbell, 7 A D 2d 1011; Kirshner v. Kirshner, 7 A D 2d 202) and thereupon or otherwise establish to the satisfaction of the court that the defendant is possessed of greater income or resources than that which he has vouchsafed, plaintiff may move to modify this order appropriately.
The plaintiff is directed to place this case on the calendar for the term following the payment of the first installment of counsel fee. Settle order.