BERRY BAKER, Respondent, *v.* STEPHEN BAKER, Appellant.

First Department, May 29, 1962.

*Nathan D. Lieman* of counsel (*David R. Haber,* attorney), for appellant.

*Mortimer Schwartz* for respondent.

BREITEL, J. P. The issue is whether a wife, still living in a common dwelling with her husband, may bring an action for separate maintenance and also prosecute a motion for temporary alimony and counsel fees in such action. The wife in this case did precisely that, and defendant husband appeals. Having obtained an order for temporary alimony and a counsel fee, the wife has since moved from the marital residence into an apartment of her own.

For the reasons to follow, the order should be reversed and the motion for temporary alimony and counsel fees denied, without prejudice, however, to the bringing of any future proceedings, as the wife may be advised.

The facts are: The parties were married in 1953, and have a son, aged four years. They have always resided in Tudor City in New York City, recently occupying a triplex apartment, at a monthly rental of $400. The husband is an officer and account executive in an advertising firm with an income variously argued to range from a net income, after taxes, of $6,300 to a gross of $42,000. The standard of living has been high and confirms an income in the higher, rather than in the lower range. The wife, concededly, has assets of her own, as well as securities in joint ownership with the husband. Both parties have utilized the services of a psychiatrist, apparently without medical cure, but with evident enrichment of the vocabulary.

The wife, in seeking a separation, asserts a series of severe beatings over the years at the hands of the husband, adultery by the husband, and other misconduct, making it dangerous for her to continue to cohabit with him. She says, too, that defendant husband ordered her to leave the apartment, although she was able to remain there until she obtained the order for temporary support at Special Term.

Special Term directed defendant husband to pay temporary alimony of $180 per week for the support of the wife and child, and granted a counsel fee of $1,500. It also directed that plaintiff wife should receive specified furnishings in the apartment which she could take with her.

Since *Berman* v. *Berman* (277 App. Div. 560) this court has held that it is contrary to public policy and incongruous to permit a judicial separation of parties who have not physically separated themselves. This court has continued to apply that policy with only one qualified exception.* The question has arisen most often on motions for temporary alimony.

---

* *Brous* v. *Brous* (283 App. Div. 1050).

Cases in accord with *Berman* v. *Berman*; *Sommer* v. *Sommer* (285 App. Div. 809); *Friedman* v. *Friedman* (285 App. Div. 938); *Weiss* v. *Weiss* (1 A D 2d 769); *Rothenberg* v. *Rothenberg* (8 A D 2d 703); *Ramos* v. *Ramos* (13 A D 2d 726); cf. *Ziegler* v. *Ziegler* (10 A D 2d 270).

But see, prior to the *Berman* case, *List* v. *List* (186 Misc. 261 [WALTER, J.], mod. 276 App. Div. 998); *Letts* v. *Letts* (84 N. Y. S. 2d 236, mod. 273 App. Div. 958).

A possible variation has been suggested in extraordinary situations where the parties are tenants by the entirety or there is a showing of necessity for

The reason behind the general rule is not difficult to discern. It will be the rare case where living together for the spouses is so intolerable as to justify a judicial separation and yet not compel a separation from a common dwelling. The law is realistic enough to recognize that many a discord and even grievous occurrence in a married life may legally justify a separation and yet the parties will, and properly so, because of other overpowering reasons, reconcile their difficulties, condone one another's lapses, or even decide to tolerate continuing wrongs. With this resolution of marital discord the law has no quarrel; and, indeed, it is its object, as that of society, to induce parties to resolve their own marital difficulties as much as possible. The litigated resolution is only the liquidation of a failure, not the molder of a subsisting healthy relationship, in the field of marital affairs. Consequently, so long as the wife has demonstrated that she can live with her husband, despite his failings and she has any choice at all, she has not made out a proper case for a judicial separation. The court should not encourage a separation by granting temporary support in which event the wife would move from the marital residence, if otherwise she might not.

Undoubtedly, there are cases, or there may be cases, of a wife's physical disability, economic destitution, a special problem associated with children, or other reasons not now callable to mind, which would prevent the wife from leaving the common dwelling, absolutely, or in any practical, tolerable sense (see *Pedersen* v. *Pedersen, supra*). But there was no such showing here.

The wife here has not only suffered the husband's misconduct for a period of years, including the alleged beatings, but she has means of her own. So far as the record reveals she and the child are physically healthy. The only obstacle to moving from the common dwelling was the usual one of finding an apartment during this protracted postwar condition of scarcity in the residential rental field.

---

the wife to remain in the marital home (*Brous* v. *Brous, supra*; *Sommer* v. *Sommer, supra*; *Weiss* v. *Weiss, supra*; *Rothenberg* v. *Rothenberg, supra*). Only in the *Brous* case was it found that sufficiently extraordinary circumstances had arisen to warrant the granting of temporary alimony.

In *Pedersen* v. *Pedersen* (107 F. 2d 227 [C. C. A., D. C.]) the case most often relied upon to permit an action for separation and the receipt of temporary alimony where the parties continue to live together, the husband and wife were the joint owners of the marital home. This was made " particularly " a ground for granting relief (p. 231).

See Civil Suit for Support, Ann. 10 A. L. R. 2d 466, 522–526 (§§ 28, 29); 27A C. J. S., Divorce, § 208(4).

Moreover, it is additionally incongruous to direct a husband to pay support when in fact he has been providing substantial support for his wife and child. This court has previously refused relief in such situations (e.g., *Shapiro* v. *Shapiro,* 8 A D 2d 341; *Friedman* v. *Friedman,* 5 A D 2d 864; *Smith* v. *Smith,* 272 App. Div. 868; *Maurer* v. *Maurer,* 263 App. Div. 290; *Kaiser* v. *Kaiser,* 262 App. Div. 835). To invoke judicial sanctions where support has continued would convert the matrimonial action and its pretrial procedure into a regulatory device of the mode of living of married people.* This is not their function. The incongruity is aggravated by the nonseparation of the spouses while substantial support is being provided. This is not to say that a husband's cutting down of support may not in a proper case be a ground for separation.

It is recognized that the Second Department does not follow the rule in this Department requiring actual separation as a precondition to suit (e.g., *Bergman* v. *Bergman,* 280 App. Div. 820; *Lowenfish* v. *Lowenfish,* 278 App. Div. 716; *Donnelly* v. *Donnelly,* 272 App. Div. 779; but cf. *Bruggemann* v. *Bruggemann,* 191 App. Div. 689, on facts very similar to those in this case). Although, even in that Department, temporary support will be denied on a showing that defendant husband is supporting the wife in the family home (*Scheideler* v. *Scheideler,* 10 A D 2d 991; *Kronenberg* v. *Kronenberg,* 10 A D 2d 987; *Lampert* v. *Lampert,* 268 App. Div. 920; see, also, *Bruggemann* v. *Bruggemann, supra*). The divergence between the Departments has been of long standing and should give pause whether the policy here should be reconsidered. It has been, and the view remains in accord with the policy laid down so definitely in the *Berman* case (*supra*). Perhaps the reason for the divergence has been the predominance of apartment-dwelling in this department, which surely adds to the incongruity of separated-but-not-separated status for married persons. But whatever the occasion be for the divergence, this court has thus far concluded that a living together that is tolerable is not sufficient to justify a legal or judicial separation, in the absence of extraordinary circumstances.

Accordingly, the order granting plaintiff wife's motion for temporary alimony and allowing her a counsel fee should be reversed on the law, the facts, and in the exercise of discretion,

---

* Compare the unquestioned invalidity of an agreement for support between husband and wife while living together (*Garlock* v. *Garlock,* 279 N. Y. 337). It would be anomalous for parties situated as the Garlocks to be entitled to a judicial arrangement of their financial affairs, while public policy would prevent them from effecting an enforcible contractual agreement.

without costs to either party, and the motion denied, without prejudice to plaintiff wife bringing any new proceedings, as she may be advised.

VALENTE, STEVENS, EAGER and STEUER, JJ., concur.

Order entered on February 28, 1962, granting plaintiff-respondent temporary alimony and counsel fees, unanimously reversed, on the law, on the facts, and in the exercise of discretion, without costs to either party, and the motion denied, without prejudice to plaintiff wife bringing any new proceedings, as she may be advised.