Nicholas M. Pette, J.
This is an action for separation upon the ground of abandonment and refusal by the defendant to provide for the support and maintenance of the plaintiff and their three-year-old son.
The action was commenced on May 3, 1961, and issue joined on May 23, 1961. The cause was placed upon the calendar for the June 1962 Term after the parties had agreed for the withdrawal of the defendant’s answer and entered into a written agreement of separation, dated February 5, 1962. The defendant’s signature to this agreement was acknowledged on February .23,1962, and the plaintiff’s on March 9,1962.
Said agreement not only provided for the separation of the parties, but for the support of the plaintiff and the support and education of their child whose custody was given to the plaintiff. *163 It is evident from paragraph “ second : (B) ” thereof that the parties contemplated a divorce for it is there provided, in pertinent part: “ (B) If the parties hereto shall hereafter be divorced and that thereafter the Wife shall remarry, then the obligation of the Husband for the support and maintenance to the Wife shall cease and terminate without, however, affecting his obligations for the support and maintenance and education of their child until said child is twenty-one (21) years of age.” In paragraph ‘1 fifth ” of the agreement, moreover, the parties provided that it “ shall not be a bar to any action for divorce that either party may at any future time instigate against the other in any court of competent jurisdiction ” and that, in such event, the agreement and all its terms shall survive such divorce decree and remain in full force and effect. Further provision was made that any judgment or decree of divorce shall not contain any provisions different from those contained in the agreement nor shall any of the provisions of the agreement be terminated “ except as to separation rights.”
It appears that subsequently to the execution of the foregoing agreement the plaintiff herein commenced an action for divorce against the defendant in the Third Civil Court of the District of Bravos, State of Chihuahua, Republic of Mexico. The resulting decree of divorce in favor of the plaintiff recites the fact that she was personally present within the jurisdiction of the divorce irSirtniffTiouiW^ defendant herein (the defendant in the divorce action) appeared by a duly authorized attorney and submitted himself to the jurisdiction of the Mexican court. The -separation agreement, dated February 5,1962, referred to.abo.ve-.was expressly ‘f approved in all its-terms andjmvisions * # * [and I incorporated^ the decree by reference, but shall survive the same. ”
Nevertheless, the plaintiff pressed her action for separation p’endiñgm~EEis court and, on September 17,1962, an inquest was held at which both a certified copy of the Mexican decree dated April 2, 1962, and the agreement of separation therein incorporated, dated February 5,1962, were introduced in evidence by the plaintiff.
No decree of separation may be entered under the facts and, cix-ciimsta.uces present iiere. ^ln the first place, the execution of a separation agreement diiriñg~tho periclcixcv of áix "action for ~sepffl^iW]Rrmgs~iuch action tQ_-an-.e.nd-Nolwlthstanding that uo formal order o fMÚKvmlúmianc.e. w_asjxixter e d. (Tobin v. Tobin, 13 Misc 2d 714.) In the second place, the parties have already been duly divorcedTv a court havin&Warisdxctxoix of the subject matter and of the person of both parties. A Mexican decree of *164 divorce is recognized in this State as a matter of comity upon proof, as here, that one spouse appeared personally in the Mexican court and the other by a duly authorized attorney. (Laff v. Laff, 5 Misc 2d 554, affd. 4 A D 2d 874; Caswell v. Caswell, 111 N. Y. S. 2d 875, affd. 280 App. Div. 969.)
It follows that the plaintiff’s complaint for a separation must be and is dismissed.