■ NADINE WEILER, Respondent, v. WILLIAM WEILER, Appellant.— In an action by a wife for a judicial separation, the husband appeals from an order of the Supreme Court, Queens County, dated June 11, 1962, which granted to the wife: (a) alimony *pendente lite* of $350 per week, commencing April 26, 1962; and (b) a counsel fee of $4,000, with leave to her to apply to the trial court for additional counsel fee if then warranted. Order modified by reducing the alimony *pendente lite* to $150 per week; and, as so modified, order affirmed, without costs. Defendant has conceded that he will not defend the action on the grounds of cruelty and nonsupport which are alleged in the complaint, and that he will rely instead on his defense that his marriage to plaintiff is void by reason of the invalidity of the prior Mexican decree of divorce from her previous husband. In our opinion, the questions concerning the validity of the Mexican divorce decree and whether defendant is estopped from asserting its invalidity should be determined by the trial court (*Laff* v. *Laff*, 5 Misc 2d 554, affd. 4 A D

2d 874, motion for leave to appeal denied, 4 A D 2d 959; *Martens* v. *Martens*, 284 N. Y. 363; *Krause* v. *Krause*, 282 N. Y. 355). We again call attention that in a case such as this, the best protection for a husband is to seek a speedy trial in which the facts can be fully developed; and that an award of temporary alimony which is based on conflicting affidavits should have no effect upon the Trial Justice in determining whether and in what amount permanent alimony should be awarded (*Goldberg* v. *Goldberg*, 4 A D 2d 884, and cases cited; *Novack* v. *Novack*, 15 A D 2d 671; *Wexler* v. *Wexler*, 15 A D 2d 451). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.