ELSIE LEFFERTS, Appellant, *v.* HARRY M. LEFFERTS, Respondent.

(Argued October 26, 1933; decided November 28, 1933.)

*I. Maurice Wormser* and *Solon Rosenthal* for appellant. The evidence proves that plaintiff established a *bona fide* domicile in Nevada. All the factual elements were shown by an abundance of proof, documentary as well as oral. (*Matter of Newcomb,* 192 N. Y. 238.) The Nevada decree must be given full faith and credit, and is entitled to recognition in our courts. The wife having been abandoned by her first husband, was able to, and did, in fact, establish a matrimonial domicile in Nevada, and the proceedings in that State were in full compliance with its laws. (*Hunt* v. *Hunt,* 72 N. Y. 217; *Dean* v. *Dean,* 213 App. Div. 360; 241 N. Y. 240; *Wacker* v. *Wacker,* 154 App. Div. 495; *Post* v. *Post,* 149 App. Div. 452; 210 N. Y. 607; *Matter of Thorne,* 240 N. Y. 444; *Haddock* v. *Haddock,* 201 U. S. 562; *Williamson* v. *Osenton,* 232 U. S. 619; *Perkins* v. *Perkins,* 225 Mass. 82; *Hatch* v. *Hatch,* 187 N. Y. Supp. 568; *Ransom* v. *Ransom,* 54 Misc. Rep. 410.)

*Julius Schwartz* and *Hamilton Lieb* for respondent. The evidence proves conclusively that plaintiff did not establish a *bona fide* domicile in Nevada. She established

only a colorable residence for the sole and only purpose of invoking the aid of the Nevada ·courts to secure a divorce. (*Fischer* v. *Fischer*, 254 N. Y. 463.) Plaintiff's Nevada decree of divorce is void in this State and she was, therefore, incapable of entering into the legal relationship of husband and wife with defendant. (*Atherton* v. *Atherton*, 181 U. S. 155; *Haddock* v. *Haddock*, 201 U. S. 562; *Fischer* v. *Fischer*, 254 N. Y. 463; *Bell* v. *Bell*, 181 U. S. 175; *Streitwolf* v. *Streitwolf*, 181 U. S. 179; *Cross* v. *Cross*, 108 N. Y. 628; *deMeli* v. *deMeli*, 120 N. Y. 485; *Andrews* v. *Andrews*, 188 U. S. 14; *Kaiser* v. *Kaiser*, 192 App. Div. 400; 233 N. Y. 524.)

CRANE, J. On June 15, 1902, the plaintiff married one Julius Oppenheimer of the city and State of New York, and thereafter lived with him until the year 1915. Oppenheimer left his wife without support, but apparently did not leave the city of New York, where he continued to live during all the times hereinafter mentioned. In February of 1916, the wife, then Mrs. Oppenheimer, went to Reno, Nev., with her two children, the issue of said marriage. She remained there until December of the same year, when she came back to Brooklyn to live with her mother. In Reno Mrs. Oppenheimer took an apartment of three rooms, kept house for herself and children, sent her children to school, and voted in the September elections of 1916. Six months' residence was necessary in Nevada in order to bring an action for divorce. An action for divorce against Oppenheimer was commenced, he being served without the State and by publication. He did not appear in the action and at all times remained a resident and citizen of the State of New York. A decree for absolute divorce, upon the ground of cruelty and desertion, having been granted by the Nevada courts, the wife, a month later, returned with her children to Brooklyn, N. Y., and did not again leave the State of New York, except on temporary visits. In January

of 1917 she commenced a proceeding in the Domestic Relations Court of Brooklyn, N. Y., to compel her divorced husband to support the children, in which proceeding she made an affidavit stating that she was a resident of Brooklyn.

Before going to Nevada, Mrs. Oppenheimer had become acquainted, in New York, with a Dr. Lefferts. He had advised her about going west and wrote her while she was in Reno. At one time she stated that he had advised her to get a divorce in Reno. Subsequently, in 1917, she married Dr. Lefferts in Indiana, while he was temporarily sojourning there as a soldier at the outbreak of the war. Neither Dr. Lefferts nor his wife was a resident of Indiana. After his return from the army they took up their residence in New York and continued to live together as husband and wife until 1930, when they separated.

In this action, which she has brought against her husband, Dr. Lefferts, for separation and support and maintenance, he has pleaded that their marriage in 1917 was void, as Mrs. Lefferts had not been legally divorced in Nevada from her then husband, Julius Oppenheimer.

The trial court, having found as a fact that the then Mrs. Oppenheimer had established a domicile in the State of Nevada, held that the decree of divorce was valid everywhere, and so, binding upon the husband, a resident of New York. The Appellate Division reversed these findings and made new findings to the effect that the plaintiff's residence in the State of Nevada was merely a temporary residence for the sole purpose of giving a colorable right to the plaintiff to maintain the suit intended to be brought by her in the State of Nevada against her husband, Julius Oppenheimer. On these new findings the Appellate Division reversed the Special Term, holding the decree of divorce ineffectual to dissolve the Oppenheimer marriage, and that, therefore, Dr. and

Mrs. Lefferts, the parties to this action, were not legally man and wife.

The appeal has been argued in this court as though the question was solely one of fact regarding the plaintiff's domicile in Nevada. The Appellate Division, having reversed the facts, and made new findings, this court reviews the evidence, pursuant to subdivision 2 of section 589 of the Civil Practice Act. The conclusion reached by the Appellate Division is not, in our judgment, contrary to the weight of the evidence. The suggestion having been made to the plaintiff that she go to Reno to get a divorce, the fact that, within a month after obtaining her decree, she returned to her mother in Brooklyn, together with the additional fact that, within a month after that, she made an affidavit stating that she was a resident of Brooklyn, sustains the inference drawn by the Appellate Division that the wife went to Nevada with no intention of making it her permanent abode or changing her domicile. (*Fischer* v. *Fischer*, 254 N. Y. 463; *Williamson* v. *Osenton*, 232 U. S. 619.) To decide this case we do not need to go further.

The effect of the plaintiff's Nevada divorce upon the non-appearing husband, resident in New York, had she been domiciled in Nevada, we will not now discuss or decide.

The judgment should be affirmed without costs.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment affirmed.