JAMES L. JACKSON, Appellant, *v.* MILDRED T. JACKSON, Respondent.

First Department, June 22, 1948.

*Melvin J. King* of counsel (*Irving L. Spanier,* attorney), for appellant.

*Edwin L. La Crosse* for respondent.

SHIENTAG, J.   This is an action for an annulment brought by the present spouse of a woman who obtained a divorce in Ohio against her former husband based solely on constructive service. Plaintiff in this action, who married defendant in this State, claims that the marriage is void because when it was entered into defendant had a former husband living and had not been **validly divorced from him. There have been no children of**

the marriage sought to be annulled. The court below found that defendant, when she divorced her former husband, Nixon, in Ohio, had a bona fide domicile in that State; and that in any event plaintiff, whom she married in this State after obtaining her divorce, was estopped from questioning the validity of that divorce because he had counselled it and defrayed part of the expense involved in its procurement. We disagree with the learned trial court.

It was clearly established that defendant never acquired a bona fide residence in Ohio and that the divorce which she obtained, on constructive service, was not one which was entitled to full faith and credit in this State; nor was it one which the courts of this State will recognize as a matter of comity (*Williams* v. *North Carolina,* 325 U. S. 226; *Matter of Lindgren,* 293 N. Y. 18).

On the record before us plaintiff proved that defendant actually lived in New York City from 1925, with the exception of some seven months absence. When applying for a civil service position in 1935, as nurse in the New York City Health Department, she declared under oath that she had been a bona fide resident of this State since 1925, and gave her New York City residence. She lived with her former husband, Nixon, in New York City; she voted in New York City and paid taxes in New York State and in no other State. In view of these facts, the claim that defendant always maintained her ultimate domicile in Ohio cannot be sustained. Admittedly, she went to Ohio in August, 1941, to establish the required residence. Even while she was getting her divorce, she was employed by the City of New York and only went back and forth to Ohio for holidays or to establish a technical residence. After the divorce she returned immediately to New York and continued her work here. The decision of the trial court that defendant " was and even still is a resident of the State of Ohio " is contrary to the evidence.

The next question is whether plaintiff, the second spouse, may collaterally attack the validity of the Ohio ex parte divorce and question the jurisdictional facts on the basis of which that divorce was granted.

We are not here concerned with the right of, or the conditions under which, a party obtaining a divorce in a sister State based on constructive service may thereafter attack or question that divorce in our courts. Nor is there here involved the situation presented where both parties have appeared in the divorce proceedings in a sister State (*Sherrer* v. *Sherrer,* 334

U. S. 343; *Coe* v. *Coe,* 334 U. S. 378; *Senor* v. *Senor,* 272 App. Div. 306, affd. 297 N. Y. 800).

Regardless of whether the same result would be reached where both of the former spouses appeared in the divorce action in the other State (*Urquhart* v. *Urquhart,* 272 App. Div. 60), where, as here, a divorce has been obtained in a sister State on constructive service of process, the defendant in that action may attack its validity in the courts of this State; and it has been repeatedly held that a third party, such as the second spouse of the person obtaining such an ex parte divorce may, in a proper case, attack the validity of that divorce in the courts of our State and obtain an annulment of the second marriage. This the second spouse may do even if familiar with the circumstances under which the invalid divorce was obtained (*Davis* v. *Davis,* 279 N. Y. 657; see, also, *Lefferts* v. *Lefferts,* 263 N. Y. 131).

It is urged, however, that the second spouse counselled the Ohio divorce and defrayed part of the expenses in obtaining it; that under those circumstances he should be estopped from affirmatively attacking its validity in the courts of this State. In support of that proposition respondent cites *Kaufman* v. *Kaufman* (177 App. Div. 162 [1st Dept.]). That case has no application to the facts here presented. In any event, we believe that, in effect, the rule relating to the estoppel of a second spouse to attack the validity of an ex parte divorce in a sister State, as laid down in the *Kaufman* case does not seem to have met with the approval of the Court of Appeals (*Fischer* v. *Fischer,* 254 N. Y. 463; *Lefferts* v. *Lefferts,* 263 N. Y. 131, *supra*; *Davis* v. *Davis,* 279 N. Y. 657, *supra*; see, also, *Honig* v. *Honig,* 267 App. Div. 908, revg. 181 Misc. 251, and *Beaudoin* v. *Beaudoin,* 270 App. Div. 631).

The judgment below should, accordingly, be reversed, without costs and judgment directed in favor of plaintiff for an annulment in accordance with the prayer of his complaint.

All concur.

PECK, P. J., GLENNON, DORE and VAN VOORHIS, JJ., concur.

Judgment unanimously reversed, without costs and judgment directed in favor of plaintiff in accordance with the prayer of his complaint. The findings inconsistent with this determination should be reversed and such new findings made of facts proved on the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.