In an action for divorce, judgment dismissing the complaint on the merits, after trial, reversed on the law and the facts, with costs, judgment of divorce granted to appellant wife on the facts, with costs, and the matter remitted to Special Term to determine alimony, custody and incidental relief. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. The Arkansas decree of divorce obtained by the respondent husband, in an action in which the appellant wife was not served and in which she did not appear, was necessarily predicated upon a finding by the Arkansas court that respondent was domiciled in that State, and it is entitled to full faith and credit here (Williams v. North Carolina, 317 U. S. 287), unless the proof adduced by appellant satisfies the court of this State that proof of such domicile was false and constituted a fraud upon the decreeing court. (Williams V. North Carolina, 325 U. S. 226, 232, 233; Matter of Holmes, 291 N. Y. 261, 272.) In our opinion the uncontroverted proof establishes that respondent husband went to Arkansas with no intention of making it his permanent abode or changing his domicile from New York State. (Matter of Franklin v. Franklin, 295 N, Y. 431, 434.) During all the period of his purported domicile in Arkansas he was actively engaged in the business of his New York employer. He returned to New York seven or eight times during that period both to work for his employer and to visit his children, whom he had placed in a camp here. He continued to pay rent upon his apartment in Brooklyn and returned to live there at the end of the period. His employment by a New York corporation continued the same throughout and after that period. Within the month that the decree was granted he had a marriage ceremony performed with the codefendant and they have since lived together *1138 as husband and wife in New York State. (See Lefferts v. Lefferts, 263 N. Y. 131.) Nolan, P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur. Settle order on notice.