THERESE GRUTTEMEYER, Respondent, v. FREDERICK GRUTTEMEYER, Appellant.— In an action for separation on the grounds of abandonment and nonsupport, defendant appeals from a judgment in plaintiff's favor. Judgment reversed on the law, without costs, and complaint dismissed, without costs. The findings of fact are affirmed, and additional new findings are made as indicated herein. In 1931, plaintiff married one William Lilley in Canada, where they resided. In 1943, Lilley obtained a separation from plaintiff herein in a Canadian court. Plaintiff herein was served in that action but defaulted in pleading. In 1949, while a resident of this State, plaintiff herein went to Florida to commence a divorce action against Lilley. Defendant herein made the arrangements for the trip and recommended an attorney to plaintiff herein. Her only stay there was for a few days either at the end of December, 1949, or in the early part of January, 1950, during which time she signed papers which, when eventually submitted to the Florida court, purported to show that she had signed and acknowledged said papers before a Florida notary in August, 1950. Lilley was served only by constructive service and did not appear in the Florida action, in which a final decree of divorce was entered in August, 1950. Plaintiff and defendant herein were married in Virginia in 1951. They were then, and are now, residents of this State; Lilley was and is a resident of Canada. Since plaintiff had a living husband, from whom she was not legally divorced at the time of her marriage to defendant, her marriage to defendant is invalid. Defendant is not estopped from asserting the invalidity of the Florida divorce by his conduct in its procurement. Plaintiff, having failed to meet the burden of establishing that she is defendant's wife, is not entitled to a legal separation from him. (*Fischer* v. *Fischer,* 254 N. Y. 463.) Nolan, P. J., Wenzel, MacCrate, Schmidt and Ughetta, JJ., concur.

■

In the Matter of the Adoption of GEORGIA P. BRUNDAGE, an Adult, by FREDERICK W. KIRBY. JAMES M. M. KIRBY, Individually and as Committee of the Person and Property of BENJAMIN A. KIRBY, an Incompetent Person, Appellant; GEORGIA P. BRUNDAGE, Respondent.— This proceeding to vacate an order of adoption, which order had been made by the County Court, Orange County, was brought at said County Court and was transferred to the Supreme Court. The proceeding was maintained upon two petitions, one by a brother of the deceased adoptive parent, and the other by said brother in his capacity as committee of an incompetent brother. The appeal is by the petitioner from an order dismissing the petitions after trial, and from an earlier order denying his motion in his individual capacity for judgment on the pleadings. Since the petitions have been dismissed, it is unnecessary to determine whether the Supreme Court had jurisdiction of the proceeding. Orders unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Ughetta, JJ.