James J. Crisona, J.
In an action to declare the nullity of his marriage to the defendant, plaintiff moves (1) for an order staying defendant for failure to appear for examination before trial and (2) for an order striking out the first and second affirmative defenses for insufficiency. Defendant cross-moves for leave to serve an amended answer.
*269 Ordinarily, motions for leave to amend pleadings are liberally granted to the end that the parties may have the issues between them litigated. (Green Point Sav. Bank v. Central Gardens Unit No. 1, 279 App. Div. 1078.) Unless patently inadequate, the sufficiency of the proposed pleading is not passed upon. (Coron v. Lincks, 259 App. Div. 924.)
In the instant case, however, since plaintiff, by his motion, has challenged the sufficiency of two affirmative defenses and since the amended pleading merely realleges the same defenses although perhaps in better form, the proposed pleading should be scrutinized so that plaintiff may have a determination with respect to his motion concerning the sufficiency of said defenses.
The complaint alleges that on February 14, 1922, defendant married George E. Bonesteel in New York City and that while said Bonesteel was alive and said marriage still in full force and effect, defendant married the plaintiff on April 16, 1932 in Jersey City, New Jersey.
In the proposed amended answer, defendant alleges as a first separate defense that her former husband Bonesteel obtained a decree of divorce against her in Baltimore, Maryland, on June 21, 1927; that in reliance thereon, she married the plaintiff in 1932; that also in reliance thereon, her former husband Bonesteel married someone else in 1932; that plaintiff knew of the Baltimore decree since 1927; that for more than 28 years, plaintiff failed to institute any action against the defendant; that plaintiff’s inaction lulled defendant into a sense of security and has deprived her of the opportunity of locating witnesses and that, therefore, plaintiff is guilty of laches.
If defendant’s former husband was alive and his marriage to the defendant in full force and effect when she attempted to marry the plaintiff, such attempted marriage was absolutely void (Domestic Relations Law, § 6) and gives rise to no estoppel against the plaintiff (Landsman v. Landsman, 302 N. Y. 45). Neither is laches a defense (Campbell v. Campbell, 239 App. Div. 682, affd. 264 N. Y. 616). The first defense is insufficient.
As a second affirmative defense, defendant alleges that this action was not commenced within six years after the causes of action accrued and is, therefore, barred by the Statute of Limitations. This defense is likewise insufficient. (Campbell v. Campbell, supra.)
In the Campbell case, the action was brought to annul a voidable marriage on the ground of fraud. It was held that neither laches nor the Statute of Limitations was a defense thereto. The decision in that case applies with even greater force to an action brought to declare the nullity of a void marriage.
*270 Defendant’s cross motion for leave to serve an amended answer is denied. Plaintiff’s motion to strike the first and second affirmative defenses is granted.
Plaintiff’s notice of examination sought to inquire into the circumstances surrounding defendant’s divorce from Bonesteel. Defendant does not justify her failure to appear for examination. Plaintiff’s remedy was to move to strike defendant’s pleading (Civ. Prac. Act, § 299), but his motion to stay the defendant from further proceedings will be granted without prejudice to his right to move to strike her pleading entirely if defendant persists in her refusal to be examined. Settle order.