Birdie Amsterdam, J.
Plaintiff moves to strike the four affirmative defenses alleged in the answer of the defendants, upon the ground that they do not state facts sufficient to constitute a defense.
The action is one for a declaratory judgment, wherein plaintiff seeks to have herself declared as the lawful wife of the defendant David Weiner, and, further, to declare that a divorce obtained by him in the State of Florida is null and void and that his subsequent marriage to the codefendant is also null and void.
The complaint alleges plaintiff’s marriage to the defendant David Weiner in 1936; that at that time, and ever since, they have been residents of the State of New York; that two children were born of their marriage; that no court of competent jurisdiction has ever dissolved their marriage; that her husband went to Florida in March of 1951, where he commenced an action against her for divorce upon grounds not recognized in the State of New York; that plaintiff did not appear in that action, nor was she personally served with process, except service in that action might have been made by publication; that the State of Florida never had jurisdiction of plaintiff nor of her marriage status with her husband; that nevertheless he procured a divorce decree in Florida, entered in August of 1951, and returned to New York immediately; that at no time had he established a bona fide residence or domicile in Florida; that thereafter he *648 married the codefendant, and, by reason of all of the aforesaid, plaintiff requests the relief demanded in her complaint.
Except for the admissions of his marriage to plaintiff, the birth of their two children, and the fact that he went to Florida and obtained a divorce there, the defendants’ answer herein consists of a general denial of the allegations of plaintiff’s complaint.
The issues presented, therefore, by the denials in defendants’ answer, are the bona fides of defendant David Weiner’s residence or domicile in the State of Florida at the time of his divorce there and the validity of the decree obtained there. The issues, so raised, adequately pose the problem upon which ultimate relief may be granted the parties herein.
The affirmative defenses appear to be vulnerable to plaintiff’s attack. '
The first affirmative defense is merely an amplification of the denials of the answer, since it alleges the establishment by the husband of his permanent residence in Florida; his action for divorce there and service of process in that action, upon plaintiff, by publication; the final decree there entered, and provision for support and maintenance of the two children of his marriage to plaintiff. The only issue tendered by this affirmative defense, therefore, is that of the bona fides of defendant’s alleged residence in Florida. Manifestly, this same issue is adequately presented by the denial in defendants’ answer of the allegations made by plaintiff in paragraphs 4 through 10 of her complaint to that effect. The matters pleaded in the affirmative defense are provable under the general denial, and in any event the onus is upon plaintiff here to establish that defendant’s residence in Florida was not a bona fide one. The first affirmative defense is accordingly stricken (McKie v. McKie, 72 N. Y. S. 2d 798).
The second affirmative defense is predicated upon loches and estoppel, since, after realleging the allegations pleaded in the first defense, it adds allegations to the effect that plaintiff retained counsel to represent her interests in Florida, had full knowledge of that divorce action but did not contest same, and that defendant husband, in reliance upon his divorce decree and the factor of “ plaintiff’s apparent acquiescence therein ”, married the codefendant; that by reason thereof, plaintiff is ‘ ‘ guilty of such loches and inequitable conduct in allowing defendants to rely on the 1951 divorce decree ”. To these allegations, it must be observed that there is no claim that plaintiff appeared personally or by attorney in the Florida action. Unfortunate as it may be to defendants, plaintiff was not obli *649 gated to do anything about his divorce. She had not participated actively in its procurement, nor was she a party to it. She may not be charged, upon the facts here, with loches or estoppel (Pomerance v. Pomerance, 61 N. Y. S. 2d 227; Duffy v. Duffy, 23 Misc 2d 268; Gruttemeyer v. Gruttemeyer, 285 App. Div. 1185). In light of the facts herein and applicable law, the second affirmative defense is therefore stricken.
Coming now to the third affirmative defense, it repeats the allegations of the second defense and alleges that under the law of Florida the divorce obtained by the defendant is not subject to attack by plaintiff in this State. This defense is without merit. A divorce obtained in another State without jurisdiction may be attacked in any State where the parties reside. Where it is shown that a defendant never acquired a bona fide residence in another State and that the divorce he obtained there was not one entitled to full faith and credit in the State of New York, nor one which the courts of this State will recognize as a matter of comity, the divorce decree so obtained may be attacked here (Jackson v. Jackson, 274 App. Div. 43; Bell v. Little, 204 App. Div. 235, affd. 237 N. Y. 519 ; Sodero v. Sodero, 56 N. Y. S. 2d 823). The third affirmative defense is accordingly stricken.
The fourth affirmative defense is obviously a ‘ ‘ catch-all ’ ’ defense predicated upon the allegations stated in the preceding defenses. It is therefore stricken.