## (June 22, 1961)

MABEL WEINER, Respondent, v. DAVID WEINER et al., Appellants.

APPEAL from that part of an order of the Supreme Court at Special Term, entered February 1, 1961, in Bronx County, which granted a motion by plaintiff for an order striking out defendants' second, third and fourth affirmative defenses.

*Per Curiam.* Defendants appeal from so much of an order of Special Term as strikes out the second, third and fourth defenses. We agree that the facts pleaded in the third defense do not constitute a defense, and as to that defense we affirm. The second defense pleads equitable estoppel by laches. The action is for a declaratory judgment to declare plaintiff the lawful wife of defendant Weiner, that the divorce obtained by the latter in Florida is void, and that his subsequent marriage to defendant Gaines is a nullity. The second defense pleads that plaintiff advisedly refrained from contesting the Florida divorce proceedings, accepted the alimony awarded pursuant to the decree, took no steps in the period of 18 months between the divorce and the second marriage, and further took no action for a period of seven and a half years after the second marriage. While these facts could not confer jurisdiction on the Florida court and hence validate the Florida decree, they might place plaintiff in a position where she would not be heard to contest it. That a spouse can act with such effect is well established (*Krause* v. *Krause*, 282 N. Y. 355; *Carbulon* v. *Carbulon*, 293 N. Y. 375; *Feuer* v. *Feuer*, 8 A D 2d 805; and many others). The gist of the decisions is that a spouse who by acts indicates acquiescence in the divorce and so induces the other spouse to act upon the assumed validity of the decree cannot be heard to contest it. Whether plaintiff's conduct reached that point in this case is a matter to be decided upon full exploration of the facts and circumstances.

The fourth defense has been misinterpreted. It pleads the power of the court to refuse to make a declaration in circumstances where it is unnecessary or contrary to principles of equity or public policy. This power can be urged and exercised without pleading. It was therefore not error to strike it. But the grounds advanced for striking it were that it was a repetitious catch-all of the other defenses. In affirming the action of Special Term in striking the defense we do not pass on the question of whether or not this case is a proper instance for the exercise of the judicial power.

The order should be modified on the law by reinstating the second defense and, as so modified, affirmed, without costs.

EAGER, J. (dissenting). In dissenting from such part of the order as sustains the second alleged defense, I wish to make it clear that I concede that circumstances may exist which will move the court on theory of estoppel or other equitable considerations to deny relief to a plaintiff in this type of action. In this case, however, the facts pleaded in the second alleged affirmative defense, characterized by the defendant as "apparent acquiescence" of the plaintiff in the foreign decree of divorce, clearly do not constitute a sustainable defense. Certainly, the right of a spouse to urge the invalidity of a foreign decree of divorce on ground of lack of jurisdiction, is not lost by his or her mere inaction after knowledge of his or her rights. In order that the defense of laches be sustainable, it must appear that the accompanying circumstances were such

that the inaction or the delay on part of plaintiff in proceeding to enforce his or her rights has resulted in substantial prejudice to defendants. (See 30 C. J. S., Equity, § 116, p. 531; 16 N. Y. Jur., Domestic Relations, § 991, p. 527.) I agree with the learned Special Term (27 Misc 2d 647, 649) that the plaintiff here "may not be charged, upon the facts here, with laches or estoppel (*Pomerance* v. *Pomerance*, 61 N. Y. S. 2d 227; *Duffy* v. *Duffy*, 23 Misc 2d 268; *Gruttemeyer* v. *Gruttemeyer*, 285 App. Div. 1185)."

Valente, J. P., Stevens and Steuer, JJ., concur in *Per Curiam* opinion; Eager, J., dissents in opinion in which McNally, J., concurs.

Order entered on February 1, 1961, insofar as it grants plaintiff's motion to strike defendants' second, third and fourth affirmative defenses, modified on the law by reinstating the second defense and, as so modified, affirmed, without costs. [27 Misc 2d 647.]