■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUDOLPH WEBB, Appellant.— Judgment of the County Court, Westchester County, rendered November 14, 1962, affirmed. (See *People* v. *Webb*, 22 A D 2d 922.) Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ ERLING REINERTSEN et al., Respondents, v. GENERAL FIRE AND CASUALTY COMPANY, Appellant.— Order of the Supreme Court, Kings County, dated June 22, 1966, and judgment, dated June 23, 1966, entered thereon, reversed, with one bill of $10 costs and disbursements, and plaintiffs' motion for summary judgment denied. It appears that there is a triable issue as to whether a timely notice was served upon appellant (*Gluck* v. *London & Lancashire Ind. Co.*, 2 A D 2d 751, affd. 2 N Y 2d 953; *Greaves* v. *Public Serv. Mut. Ins. Co.*, 4 A D 2d 609; *Marcus* v. *London & Lancashire Ind. Co.*, 6 A D 2d 702). We cannot say that the delay in notifying the driver's insurance carrier was unreasonable as a matter of law. Furthermore, the question of whether the driver's insurance policy was in effect at the time of the occurrence is factually disputed (CPLR 3212). Beldock, P. J., Ughetta, Christ, Hill and Benjamin, JJ., concur.

■ DORIS RUSSELL, Respondent, v. GERALD RUSSELL, Appellant.— In an action for separation, defendant husband appeals from a judgment of the Supreme Court, Nassau County, entered February 4, 1966, after a nonjury trial, which *inter alia* granted plaintiff a separation and dismissed defendant's counterclaim for annulment on the ground of invalidity of a Florida divorce decree which plaintiff had procured against a prior husband. Judgment reversed, on the law, without costs, and new trial granted, with costs (if any) to abide the event. No questions of fact have been considered. The trial court erred in rejecting defendant's offer of proof to show that a Florida divorce decree obtained by plaintiff against a prior husband, without personal service of process upon him and without appearance by him, was invalid. A collateral attack of this nature is permissible (*Williams* v. *North Carolina*, 325 U. S. 226; *Cook* v. *Cook*, 342 U. S. 126; *Rudyk* v. *Rudyk*, 278 App. Div. 837; *Gruttemeyer* v. *Gruttemeyer*, 285 App. Div. 1185; *Aspromonte* v. *Aspromonte*, 4 A D 2d 689; *Apelbaum* v. *Apelbaum*, 7 A D 2d 911). The *Rosenstiel* and *Wood* decisions (16 N Y 2d 64) are not pertinent. Each of the foreign divorce decrees considered therein was granted upon the physical appearance of one spouse and the voluntary appearance of the other spouse, through an authorized attorney. Beldock, P. J., Christ, Hill and Rabin, JJ., concur; Benjamin, J., concurs in the result, with the following memorandum: I am concurring only because I deem myself bound by the prior decisions of this court in *Gruttemeyer* v. *Gruttemeyer* (285 App. Div. 1185) and *Newburger* v. *Newburger* (17 A D 2d 968). However, I think those decisions (as well as the First Department's decision in *Jackson* v. *Jackson*, 274 App. Div. 43) based their holdings on prior Court of Appeals decisions which were not directly in point (see, e.g., *Fischer* v. *Fischer*, 254 N. Y. 463; *Lefferts* v. *Lefferts*, 263 N. Y. 131; *Davis* v. *Davis*, 279 N. Y. 657; *Landsman* v. *Landsman*, 302 N. Y. 45). Further, if I did not consider myself bound by *Gruttemeyer* and *Newburger*, I would be inclined to hold that the present defendant is equitably estopped to attack the ex parte Florida divorce obtained by plaintiff from her prior husband with funds supplied by this defendant.