■ ARTHUR I. TRAGER, Appellant, v. ROSE J. TRAGER, Respondent. (Action No. 1.) ROSE J. TRAGER, Respondent, v. ARTHUR I. TRAGER, Appellant. (Action No. 2.) — In consolidated actions, one by a husband to declare the marriage between him and respondent a nullity (Action No. 1), and the other by the wife *inter alia* to declare the Mexican divorce decree obtained by the husband a nullity (Action No. 2), the husband appeals from a judgment of the Supreme Court, Westchester County, dated August 18, 1971 and made after a nonjury trial, which *inter alia* (1) dismissed his cause to declare the parties' marriage a nullity; (2) adjudged the Mexican divorce decree a nullity and that respondent is appellant's lawful wife; (3) referred all questions relating to alimony to the Family Court; and (4) awarded respondent additional counsel fees of $2,000. Judgment modified, on the law and the facts, by (1) striking therefrom the first, fourth and fifth decretal paragraphs, which dismissed the cause of action in the complaint in Action No. 1 to declare the marriage of the parties a nullity and adjudged the Mexican divorce a nullity and that respondent is appellant's lawful wife, and (2) adding thereto a provision declaring the parties' marriage a nullity and dismissing the complaint in Action No. 2. As so modified, judgment affirmed, without costs. The evidence in Action No. 1 conclusively established that a prior ex parte Nevada divorce decree obtained by the respondent wife before her marriage to appellant was invalid because of her failure to comply with the residency requirements of the decree-rendering State. The evidence further showed that appellant, an attorney representing respondent at the time, knew that she was going to Nevada for the purpose of procuring a divorce so that she would be free to marry him. He was aware that she had failed to comply with the residency requirements of Nevada and that the Nevada divorce decree would be vulnerable to future attack. In our opinion, these facts do not give rise to an estoppel to assert the invalidity of appellant's marriage to respondent (*Russell* v. *Russell*, 27 A D 2d 563; *Newburger* v. *Newburger*, 17 A D 2d 968; *Jackson* v. *Jackson*, 274 App. Div. 43). Accordingly, appellant was entitled to a judgment declaring the nullity of his marriage to respondent (Domestic Relations Law, § 140). The trial court additionally based its dismissal of the annulment action upon an earlier cross motion by appellant

to dismiss that action, made in opposition to a previous application by the wife at Special Term for alimony *pendente lite*. Appellant, who subsequently obtained the Mexican divorce from respondent, sought to oppose that application by showing that the parties were no longer married; and he moved to dismiss his annulment action. Special Term did not pass upon respondent's application or appellant's cross motion, but referred the matter to the trial court. The trial court erred in granting that cross motion by appellant, at the conclusion of the trial nearly one year later. Appellant effectively withdrew that motion by his conduct in proceeding to trial and offering proof on the action. Respondent's action to declare the invalidity of the Mexican divorce decree obtained by appellant and to declare her to be the lawful wife of appellant should be dismissed as moot. The decretal provisions relating to the award of additional counsel fees should be affirmed; and likewise the referral to the Family Court of the question of permanent alimony (cf. Domestic Relations Law, §§ 236, 237; *Johnson* v. *Johnson*, 295 N. Y. 477; Family Ct. Act, § 464, subd. [a]). Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.