*932 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and the order of the Appellate Term granting final judgment of possession to petitioner landlord reinstated, with costs. The question certified should not be answered as unnecessary.
The issue presented on this appeal is whether the respondent adduced legally sufficient proof that she had been "living with” her grandmother at the time of the grandmother’s death.
On May 1, 1982, respondent in this holdover proceeding moved into a rent-controlled one-bedroom apartment in Manhattan of which her grandmother was the statutory tenant. She slept on a sofa bed in the living room, shared household chores with her grandmother and contributed $100 in cash toward each month’s rent. Before moving in with her grandmother, the respondent had resided in a studio apartment in Rego Park, Queens, which she leased for $350 per month and furnished with her own furniture and other household goods. On May 1, 1982, the tenant orally sublet her Queens apartment to a friend for $250 per month.
After the grandmother’s sudden hospitalization in mid-August 1982 the respondent paid the September rent and after the grandmother’s death on September 29, 1982, the respondent paid the October rent, both payments being made with her checks and accepted by the landlord. After the respondent informed the landlord of her grandmother’s death, her November rent payment was rejected. Service of a notice of termination of license and notice to quit followed the rejection.
The respondent claims she is entitled to remain in possession of the apartment pursuant to New York City Rent and Eviction Regulations § 56 (d), which provides: "No occupant of housing accommodations shall be evicted under this section where the occupant is either the surviving spouse of the deceased tenant or some other member of the deceased tenant’s family who has been living with the tenant”.
Section 56 (d), by its terms, protects only members of a deceased statutory tenant’s family. Thus the "living with” requirement must be read to mean living with such statutory tenant in a family unit, which in turn connotes an arrangement, whatever its duration, bearing some indicia of perma *933 nence or continuity (Goodhue House Co. v Bernstein, NYLJ, Dec. 7, 1981, p 14, col 3).
In the present case, the respondent never put her name on her grandmother’s mailbox, and did not advise either the doorman or the landlord of her cooccupancy. She left all her furniture in the Rego Park apartment, maintained her telephone number there, and kept her bank accounts at a Rego Park bank. These facts, found by the courts below on virtually uncontradicted proof, are indicia only of transience and temporary occupancy. The Appellate Division erred, therefore, in determining that section 56 (d) protected the respondent from eviction as a holdover.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order reversed, with costs, and the order of the Appellate Term reinstated in a memorandum. Question certified not answered as unnecessary.