■ 333 EAST 53RD STREET ASSOCIATES, Respondent, v HELEN MANN, Appellant.—Order of the Supreme Court, New York County (Francis N. Pecora, J.), entered October 29, 1985, denying defendant's motion for summary judgment dismissing the complaint in which the plaintiff seeks a declaration that the defendant has no legal right as a tenant in a certain apartment, reversed, on the law, with costs, the motion for summary judgment granted and judgment entered declaring that the defendant is the lawful tenant of apartment 7F at 333 East 53rd Street, New York, New York, pursuant to New York City Rent and Eviction Regulations § 56 (d).

Plaintiff, 333 East 53rd Street Associates, owner of certain shares of a cooperative corporation allocated to apartment 7F in a building located at 333 East 53rd Street in Manhattan, seeks in this action a judgment declaring that apartment 7F of that building became exempt from rent control on the death of Jerri Blanchard in October 1984, and that the defendant, Helen Mann, is not the rent-controlled tenant of the apartment and has no legal right to occupy it. The relevant facts established on defendant's motion for summary judg-

ment dismissing the complaint and seeking a declaration in defendant's favor, which in our opinion are essentially undisputed, may be set forth quite concisely.

Some time in 1940, Jerri Blanchard became the tenant of the apartment in question. In 1970, the defendant Helen Mann moved into the apartment with Blanchard and has resided there continuously until the present time. On April 15, 1983, the building was converted to cooperative ownership pursuant to a noneviction plan, and Blanchard continued in possession of the apartment as a nonpurchasing rent-controlled tenant. On April 20, 1983, an order of adoption was entered in the New York County Surrogate's Court pursuant to which the defendant Mann was adopted by Blanchard, the order specifically providing, *inter alia,* that "the said adoptive adult shall henceforth be regarded and treated in all respects as the lawful child of the said adoptive parent." At the time the order was entered, Mann was 67 years old and Blanchard was 83. Blanchard died on October 2, 1984.

On November 30, 1984, plaintiff commenced this action seeking a declaratory judgment as well as a judgment ejecting the defendant from the apartment. Mann moved for summary judgment dismissing the complaint and declaring her rights to the apartment on the ground that pursuant to the order of adoption she was Blanchard's daughter, that she had lived continuously with Blanchard in the subject apartment since 1970, and that she was accordingly entitled to succeed to the tenancy pursuant to New York City Rent and Eviction Regulations § 56 (d) (9 NYCRR 2204.6 [d]), which provides: "No occupant of housing accommodations shall be evicted under this section where the occupant is either the surviving spouse of the deceased tenant or some other member of the deceased tenant's family who has been living with the tenant."

Opposing summary judgment, plaintiff contended that the adoption was fraudulently secured in that its purpose was to bring Mann within the protection afforded to members of a deceased tenant's family by section 56 (d) of the regulations, and was in derogation of the rent control laws which precluded rent-controlled tenants, upon their death, from passing on their tenancy rights to other occupants. In addition, the landlord disputed the defendant's claim to have been an occupant of the apartment with the deceased Blanchard for many years prior to the latter's death.

In its decision, Special Term denied the defendant's motion for summary judgment, finding that plaintiff should be permit-

ted to conduct appropriate pretrial discovery to determine whether or not the order of adoption "was obtained solely for a fraudulent purpose, to wit, to circumvent the rent control laws", and directing the defendant to authorize the landlord to inspect the papers considered by the Surrogate in connection with the adoption. In addition, Special Term found an issue of fact as to whether Mann had shared the apartment with Blanchard prior to Blanchard's death. We disagree, and accordingly reverse the order appealed from to grant the motion for summary judgment and to declare in favor of the defendant as a rent-controlled tenant of the apartment.

Preliminarily, we perceive no factual issue in this record as to Mann's occupancy of the apartment prior to the death of her adoptive parent. Mann's affidavit was impressively supported by a number of affidavits from persons with direct knowledge of the relevant facts, and was further supported by extensive documentary evidence. Nothing submitted on behalf of the plaintiff raised a factual issue as to Mann's long-time occupancy of the apartment.

Turning to the principal issue raised, it is clear that under the order of adoption Mann became a member of Blanchard's family entitled under the governing regulation to continue in the apartment as a rent-controlled tenant following Blanchard's death. Plaintiff's claim, in substance, is that the order of adoption was designed to secure Mann's right to continue in the apartment upon the death of the older woman, that this constituted "extrinsic fraud", and that the plaintiff, not a party to the adoption proceeding but adversely affected economically by the order of adoption, has a right to contest the order to the extent to which it is relied upon to establish Mann's right to occupy the apartment.

We think it unnecessary here to determine whether a party adversely affected economically by an order of adoption entered in a proceeding to which it was not a party may contest the legal effect of the adoption order in a separate action on the ground that the order was secured through extrinsic fraud. We also find it unnecessary to determine whether or not an adoption order motivated by a desire to bring the adopted person within the protection of the rent control laws, if considered fraud, would constitute extrinsic fraud. In our opinion, the motivation alleged with regard to the adoption would not have constituted fraud of any character, and accordingly, no factual issue is presented that justifies denial of defendant's motion for summary judgment.

No authority has been called to our attention supporting

plaintiff's apparent contention that an adoption motivated by a desire to confer an economic benefit on the adopted person incident to the new status constitutes fraud. In an extensive annotation surveying authorities concerned with the legal issues presented where an adult is adopted by another adult *(Adoption of an Adult,* Ann., 21 ALR3d 1012, 1029-1030, § 8), the following comment appears: "Most of the cases which permit the adoption of an adult have recognized, at least by implication, that the fact that an adult is adopted for the purpose of making him eligible to inherit property or to share in the distribution of a trust does not necessarily affect the validity of the adoption." This general rule has been explicitly applied in this State. *(See, Matter of Brundage,* 134 NYS2d 703, *affd* 285 App Div 1185, *lv denied* 286 App Div 1013.)

We perceive no reason why an adoption motivated by a desire to enlarge the adopted person's right to inherit should be considered as presenting a problem different from an adoption motivated by a desire to protect the adopted person's rights in an apartment shared by the parties to the adoption proceeding.

As to whether the order of adoption was otherwise entered appropriately in accordance with the controlling statutory criteria, that issue is not of course presented in this action, and we accordingly have no occasion to address it. Concur—Sandler, Fein, Kassal and Wallach, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm.

As was recently pointed out in *O'Brien v O'Brien* (66 NY2d 576, 586), the legal relationship for one purpose may have a different significance for another purpose. It is not to derogate from the adoption to explore the possibility that it was primarily arranged to circumvent the rent control law.

In *Matter of Robert Paul P.* (63 NY2d 233), adoption was denied among mature adults where there was no true filial relationship. It was indicated, however, that two individuals might develop such a relationship (63 NY2d, at pp 238-239).

Here we have two elderly women. Was their adoption arrangement a true one or a subterfuge? A rent-controlled apartment is not part of an inheritance. *(See, 829 Seventh Ave. Co. v Reider,* 67 NY2d 930.) Special Term allowed an inquiry, this court would foreclose it, and I agree with Special Term.