■ 911 ALWYN OWNERS CORP. et al., Appellants, v LEE ROSENTHAL et al., Respondents.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered October 11, 1989, which directed the plaintiffs to produce certain investigative reports to the court, unanimously affirmed, without costs.

■ 911 ALWYN OWNERS CORP. et al., Appellants, v LEE ROSENTHAL et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Elliott Wilk, J.), entered July 13, 1989, which, *inter alia,* granted the defendants' motion on their first counterclaim for partial summary judgment, declared them to be the rent-controlled tenants of a certain apartment, enjoined the plaintiffs from interfering

with the defendants' rights as rent-controlled tenants and denied the plaintiffs' motion to compel the defendants to appear for depositions, unanimously reversed, on the law, to the extent of denying summary judgment as against the plaintiffs, vacating the declaration of defendants' status, granting plaintiffs' motion for further depositions, and the matter remanded for further proceedings, without costs.

The Supreme Court erred in granting summary judgment against the plaintiffs, a cooperative corporation and its officer, who own the apartment which forms the basis of this dispute. The plaintiffs are challenging the right of a deceased tenant's family to succeed to the deceased tenant's rent-controlled apartment pursuant to 9 NYCRR 2204.6 (d). That section prohibits the eviction of an occupant who is a member of the deceased tenant's family "who has been living with the tenant [of record]." "[T]he 'living with' requirement must be read to mean living with such statutory tenant in a family unit, which in turn connotes an arrangement, whatever its duration, bearing some indicia of permanence or continuity *(Goodhue House Co. v Bernstein,* NYLJ, Dec. 7, 1981, p 14, col 3)" *(829 Seventh Ave. Co. v Reider,* 67 NY2d 930, 932-933; *see also, Braschi v Stahl Assocs. Co.,* 74 NY2d 201).

Since discovery has not been completed in this case, disputed issues of fact exist regarding the circumstances of the defendants' move into the deceased's apartment. The record before the Supreme Court precluded an objective examination of the relationship between the deceased tenant and her family, insofar as it concerned occupancy of the subject apartment.

While there is no doubt that the decedent's son was a member of her family, other questions of fact remain. It is alleged that the son, his wife and two children "moved into" the subject two-bedroom apartment occupied by the decedent, who was attended by nurses at all times of the day and night, when her death appeared imminent. It is alleged by the plaintiffs that at the time the defendants may have "moved in", the decedent was hospitalized although she did later return to the apartment before her death. The record is not clear as to when the defendants' claimed occupancy began.

Since several factors must be examined prior to determining whether the "living with" requirement of 9 NYCRR 2204.6 (d) has been established, the Supreme Court erred in granting the defendants' motion for summary judgment. Concur—Kupferman, J. P. Sullivan, Rosenberger, Asch and Smith, JJ.