OPINION OF THE COURT
Arthur R. Scott, Jr., J.
Petitioner commenced the within holdover proceeding to recover possession of the premises known as apartment A32 (hereinafter subject apartment) at 180 Bay 32nd Street, Brooklyn, New York, on the ground that respondent herein is occupying the apartment pursuant to a license which expired upon the death of the rent-controlled tenant of record, Mrs. Grillo. Respondent contends that he is entitled to succeed to the premises since he and Mrs. Grillo were "family” and he had occupied the subject apartment with her since 1980.
The underlying facts in this proceeding are as follows: *378 Respondent Anthony Ligouri (hereinafter respondent) was raised since infancy by his paternal uncle and aunt subsequent to his mother’s death. Respondent’s uncle testified that respondent was raised "as if he was their own son,” although he had never been formally adopted. Respondent, his uncle and aunt resided in apartment No. A43 in the subject building. In or about 1980, respondent moved from apartment No. A43 to No. A32 in the same building to live with his aunt’s mother, "Mrs. Grillo.” He has lived there continuously since 1980 as his primary residence and received all his mail there as well as obtaining telephone service in his name. Respondent referred to Mrs. Grillo as his "grandmother.” In or about 1987, Mrs. Grillo died. Respondent now claims a right to succeed to the subject rent-controlled apartment based on the longevity of his stay there and on his "familial” relationship with the deceased tenant.
The major issue for determination in this proceeding is whether respondent was indeed a member of the deceased rent-controlled tenant’s "family” within the contemplation of section 2204.6 (d) of the New York City Rent and Eviction Regulations (9 NYCRR) (formerly New York City Rent and Eviction Regulations § 56 [d]). The pertinent portion of 9 NYCRR 2204.6 states in subdivision (d): "No occupant of housing accommodations shall be evicted under this section where the occupant is either the surviving spouse of the deceased tenant or some other members of the deceased tenant’s family who has been living with the tenant.” This provision has not made clear which persons, other than a surviving spouse, are protected from eviction after the death of the named tenant.
The question squarely posed to this court is whether respondent is "family” within the meaning of New York City Rent and Eviction Regulations (9 NYCRR) § 2204.6 (d).
In recent years the courts have extended "family” status to adopted children, even when the adoption takes place when the adopting parent is 83 years old and the child is 67 (333 E. 53rd St. Assocs. v Mann, 121 AD2d 289). In Athineos v Thayer (NYLJ, Mar. 25, 1987, at 14, col 4 [Civ Ct, Kings County], affd NYLJ, Feb. 9, 1988, at 15, col 4 [App Term, 2d Dept]), the Appellate Term in affirming the lower court held that an orphan who was taken in by a family when she was 14 years old and treated as a family member was entitled to succeed to the rent-controlled apartment. In so holding the court stated: "Although there was no 'de facto’ adoption * * * there can be *379 no doubt that Ms. Thayer was so assimilated into this family as to be the equivalent of * * * [their] daughter. The level of commitment and support among the members is exemplified by the manner in which the individuals defined themselves as family members”. (Supra, at 15, col 5.)
The Athineos court in its decision cited the case of Astoria 30 v Reardon (NYLJ, Jan. 22, 1986, at 14, col 2 [Civ Ct, Queens County]) considered the issue of a niece’s right to inherit a rent-controlled apartment that she lived in for over 19 years: "the necessary elements for inheriting a rent controlled apartment are continuous occupancy and residing with the tenant as a family unit * * *. There is no requirement that the surviving family member be immediate family. In fact, the protections of section 56(d) have been extended to avuncular relationships and even to non-blood relatives such as in-laws”. (Astoria 30 v Reardon, supra, at 14, col 2; emphasis added.)
The protection of 9 NYCRR 2204.6 (d) has recently been extended to a "gay life partner” upon the death of the statutory tenant. In Braschi v Stahl Assocs. Co. (74 NY2d 200, 211 [1989]), the Court of Appeals concluded that "the term family, as used in 9 NYCRR 2204.6 (d), should not be rigidly restricted to those people who have formalized their relationship by obtaining, for instance, a marriage certificate or an adoption order. The intended protection against sudden eviction should not rest on fictitious legal distinctions or genetic history, but instead should find its foundation in the reality of family life.” The Braschi court, citing the case of 829 Seventh Ave. Co. v Reider (67 NY2d 930, 932-933), interpreted 9 NYCRR 2204.6 (d)’s additional "living with” requirement, to mean "living with [the named] tenant in a family unit, which in turn connotes an arrangement, whatever its duration, bearing some indicia of permanence or continuity”. (Emphasis supplied.) The Braschi court extensively discussed the definition of family looking to Webster’s Dictionary, Ballantine’s Law Dictionary and Black’s Law Dictionary for amplification. The court found that each definition included a description of a group of people united by a common affiliation, and persons who live in one house together. The Braschi court found that, "Family members, whether or not related by blood, or law who have always treated the apartment as their family home will be protected against the hardship of eviction following the death of the named tenant, thereby furthering the Legislature’s goals of preventing dislocation and preserving family *380 units which might otherwise be broken apart upon eviction. This approach will foster the transition from rent control to rent stabilization by drawing a distinction between those individuals who are, in fact, genuine family members, and those who are mere roommates * * * or newly discovered relatives hoping to inherit the rent-controlled apartment after the existing tenant’s death.” (Supra, at 212.)
This court finds respondent’s testimony persuasive that he had been living with his "grandmother” since 1980 until her death in 1987 whereupon he continued to occupy the subject apartment. Moreover, respondent has proven to the satisfaction of this court that he and Mrs. Grillo shared the apartment as a "family unit” for those years. This court adheres to the generous construction in recent case law of 9 NYCRR 2204.6 (d) which would qualify respondent as a family member entitled to the statutory protection against eviction.
Based on the foregoing, the petition is dismissed.